546 A.2d 1286

Kenneth R. Houston, Jr., a minor, by Nancy and Kenneth Houston, Sr., his parents and natural guardians, and Kenneth R. Houston, Sr. and Nancy Houston, Individually, Appellants v. Central Bucks School Authority, Iona S. Purvin and Intermediate Unit No. 22, Appellees.

Argued June 14, 1988, before Judges CRAIG, BARRY and SMITH, sitting as a panel of three.

*Linda K. Caracappa, Harris and Harris,* for appellants.

*Christine M. Mooney,* with her, *Charles W. Craven, Marshall, Dennehey, Warner, Coleman and Goggin,* for appellees, Central Bucks School Authority and Iona S. Purvin.

*George F. Dale, Dale & Korolishin,* for appellee, Intermediate Unit No. 22.

OPINION BY JUDGE CRAIG, August 22, 1988:

Kenneth R. Houston, Jr., a minor, and his parents, Kenneth R. Houston, Sr. and Nancy Houston, appeal an order of the Court of Common Pleas of Bucks County granting summary judgment to defendants Central Bucks School Authority, Intermediate Unit No. 22 and Iona S. Purvin in a suit for personal injuries of the minor. The issue is whether governmental immunity is inapplicable on the ground that the injuries resulted from

a dangerous condition of the school property. We affirm Judge BIEHN's decision.

As plaintiffs, the Houstons alleged the following in their complaint: Kenny, a physically-handicapped child afflicted with cerebral palsy, began attending the Linden Elementary School in September 1984. On April 29, 1985, while he was leaving the school building under the supervision of classroom aide Iona S. Purvin, Kenny fell backward and struck his head on the concrete sidewalk. 'Kenny sustained spinal cord injuries resulting in permanent paralysis and respiratory disability.

The trial court aptly summarized the remaining allegations in the plaintiffs' complaint:

Plaintiffs allege that Central Bucks School Authority (1) did not exercise reasonable care and diligence in the selection and training of its aides; (2) carelessly and negligently failed to supply proper supervision of the minor Plaintiff and failed to maintain its real property in a safe condition and; (3) carelessly and negligently allowed a dangerous condition of real property, streets and/or sidewalks within its care, custody and control to exist, especially as to the minor Plaintiff.

As to Defendant Intermediate Unit No. 22, Plaintiffs allege that it began coordinating the educational services for the minor Plaintiff in December, 1979.

According to the Plaintiffs, this Defendant was negligent in recommending the transfer of the minor Plaintiff from a specially-equipped school. Plaintiffs contend that the placement of the minor Plaintiff at the Linden Elementary School was premature and inaccurate in view of the school's inability to provide for the special

needs of the minor Plaintiff and, therefore, created a dangerous condition of real property under the control of Intermediate Unit No. 22. Plaintiffs also allege that Iona Purvin did not exercise reasonable care and diligence in the performance of her duties involving the minor Plaintiff.

All three defendants raised the affirmative defense of governmental immunity in their motions for summary judgment. The trial court held that the Houstons' claim did not fall under any of the specific exceptions to immunity in section 8542(b) of the Judicial Code, 42 Pa. C. S. §8542(b). The trial judge concluded that the Houstons' allegations amounted to no more than "a claim for negligent supervision which has been repeatedly denied as a cause of action under section 8542."

On appeal, the Houstons argue that they stated a cause of action by alleging a failure to adapt the real property so that it would be safe for use by a handicapped child. The plaintiffs also argue that the trial court erred as a matter of law by accepting the deposition of defendant Iona M. Purvin when considering the defendants' motion for summary judgment.

In response to the latter argument, we note that Pa. R.C.P. No. 1035 provides, in pertinent part:

(a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings and any depositions, answers to interrogatories, admissions on file and supporting affidavits.

(b) The adverse party, prior to the day of hearing, may serve opposing affidavits. The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Under this rule, the trial judge properly considered the Purvin deposition when making his determination on the motion for summary judgment.

On the question of whether the decision to grant summary judgment was proper, the plaintiffs' primary argument is that their claim of inadequate adaptation of the physical property of the school grounds falls within one of three exceptions to the governmental immunity doctrine. Those "acts by local agency" which "may result in the imposition of liability" are found at 42 Pa. C. S. §8542(b)(3), (6), and (7):

(3) Real property.—The care, custody or control of real property in the possession of the local agency . . . . As used in this paragraph, 'real property' shall not include:

(iii) streets; or
(iv) sidewalks.

(6) Streets.—

(i) A dangerous condition of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

(7) Sidewalks.—A dangerous condition of sidewalks within the rights-of-way of streets owned

by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

The plaintiffs argue that the defendants were aware of Kenny's tendency to fall backward, and that the failure of the school authority and Intermediate Unit No. 22 to make a proper adaptation of the physical structure of the school resulted in a "dangerous condition" in light of the facility's use by a handicapped child.

In *Mascaro v. Youth Study Center,* 514 Pa. 351, 361-62, 523 A.2d 1118, 1123-24 (1987), the Pennsylvania Supreme Court held that:

> Commonwealth Court has consistently held that the real estate exception imposes a standard of liability on the political subdivision to an extent no greater than that of a private landowner, and that this duty is to maintain the property safely for the activities for which it is regularly used, for which it is intended to be used, or for which it may reasonably be forseen [sic] to be used. Vann; Vince v. Ringgold School District, 92 Pa. Commonwealth Ct. 598, 499 A.2d 1148 (1985). Commonwealth Court has also ruled that the conduct or negligent act complained of must be directly related to the condition of the property. Frank v. SEPTA, 96 Pa. Commonwealth Ct. 221, 506 A.2d 1015 (1986); Fezzano v. Borough of Ridley Park, 94 Pa. Commonwealth Ct. 179, 503 A.2d 57 (1986).

We agree that the real estate exception to governmental immunity is a narrow exception and, by its own terms, refers only to injuries arising out of the care, custody or control of the real property in the possession of the political subdivision or its employees. Acts of the local agency or its employees which make the property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may reasonably be foreseen to be used, are acts which make the local agency amenable to suit . . . .

The real estate exception, however, has consistently been held to be unavailable to those whose claim of negligence consists of a failure to supervise the conduct of students or persons adequately. Davies v. Barnes, 94 Pa. Commonwealth Ct. 145, 503 A.2d 93 (1986); Messina v. Blairsville-Saltsburg School District, 94 Pa. Commonwealth Ct. 100, 503 A.2d 89 (1986); Johnson v. City of Philadelphia, 93 Pa. Commonwealth Ct. 87, 500 A.2d 520 (1985); Acker v. Spangler, 92 Pa. Commonwealth Ct. 616, 500 A.2d 206 (1985); Usker v. Upper St. Clair School District, 87 Pa. Commonwealth Ct. 461, 487 A.2d 1022 (1985); Robson v. Penn Hills School District, 63 Pa. Commonwealth Ct. 250, 437 A.2d 1273 (1981); Wimbish v. School District of Penn Hills, 59 Pa. Commonwealth Ct. 620, 430 A.2d 710 (1981).

We believe those cases to have been decided correctly and they persuade us to hold that the *real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land itself causes the injury, not merely when it facilitates the injury* by the

acts of others, whose acts are outside the statute's scope of liability. (Emphasis added.)

For the limited waiver of immunity of section 8542(b)(3) (and, by analogy, of subsections (6) and (7) as well) to apply, there must be negligence which makes the real property itself unsafe for the activities for which it is used. *Vann v. Board of Education, School District of Philadelphia,* 76 Pa. Commonwealth Ct. 604, 464 A.2d 684 (1983).

Our review of the pleadings reveals that only two of the complaint's allegations could conceivably fall under the real estate, sidewalk or street exceptions of section 8542(b). The other allegations simply charge the defendants with negligence in training employees, negligence in placing a handicapped child in a "mainstream" school, and negligence in supervising Kenny at school, none of which falls within the exceptions to governmental immunity. The remaining two allegations in the complaint charge that the school authority failed to maintain the school's exit and sidewalk area so that a smooth and unobstructed surface was not available to Kenny as he left the school, creating a "dangerous condition," and that the school authority failed to adapt the exit and sidewalk area with respect to Kenny's special needs as a handicapped child, creating a "dangerous condition."

The plaintiffs rely on the decision in *Mistecka v. Commonwealth,* 46 Pa. Commonwealth Ct. 267, 408 A.2d 159 (1979), to support their argument that a failure to adequately adapt the school grounds to accommodate a handicapped child could constitute a "dangerous condition" within the meanings of sections 8542(b)(3), (6) and (7).[1] In *Mistecka,* the complaint

---

[1] In light of the Supreme Court's decision in *Mascaro,* this court has expressed grave doubts on the continued validity of the *Mistecka* holding. *See Gallagher v. Bureau of Corrections,* 118 Pa. Commonwealth Ct. 516, · A.2d · (No. 60 T.D. 1987, filed

averred negligence on the basis that the Commonwealth failed to erect appropriate protective barriers to protect travelers on a roadway below a bridge, despite repeated notice of persons throwing rocks from the bridge, thus creating a "dangerous condition" within the exception to governmental immunity. In that decision, we wrote:

> As a matter of law, we conclude that such a situation is a 'condition' within the terms of subsection (a)(4). Among the ordinary meanings of the word 'condition' is reference to 'a state of affairs that hampers or impedes or requires correction.' Webster's New Collegiate Dictionary 235 (1977). Most importantly, it is clear that the circumstances here give rise to a condition which is related to travel on the highway and is conceivably correctable.

*Id.* at 273, 408 A.2d at 162.

This language underscores the distinction between the facts of this case and those in *Mistecka*. In *Mistecka*, the Commonwealth had notice of approximately twenty-six rock-throwing incidents from the bridge in question, establishing the existence of a "dangerous condition" creating a reasonably foreseeable risk. The Houstons' complaint alleged no prior incidents which would have placed the school authority on notice that its adaptations of the exit and sidewalk area were inadequate, and "required correction."

Nor does a fair reading of the pleadings, affidavits and depositions on record indicate that the exit and sidewalk area constituted a "state of affairs that hamper[ed] or impede[d]" Kenny as he was leaving the school grounds. As the trial judge found, the deposition of Iona Purvin, the aide trained to escort Kenny in and

8/12/88); *Rippy v. Fogel,* 108 Pa. Commonwealth Ct. 296, 529 A.2d 608 (1987). We will nevertheless address the *Mistecka*-based argument which the Houstons have raised on appeal.

out of school each day, makes clear that Kenny's fall had nothing to do with the condition of the property, sidewalk or street. Purvin testified that, on the day of the accident, Kenny had successfully negotiated the doorway and had descended the ramp installed over the steps for his use, and was standing on a sidewalk several feet from the ramp when he let go of his walker and ran a few steps toward a waiting school bus. When Kenny fell on his knees, Purvin brought the walker to him; he stood up and she placed his hands on the walker. Kenny resisted Purvin's efforts to make him use the walker, and fell backward after he let go of the walker and pulled away with such force that he lost his balance. Purvin grabbed Kenny's arm, but was unable to break his fall. Nothing in the record or the pleadings contradicts the conclusion that Kenny's unfortunate accident was not causally connected to the condition of the school property.

We therefore agree with Judge BIEHN that Purvin's deposition indicates that Kenny's fall was not caused by the condition of the property, nor was it connected in any way to the real property, sidewalk or street. The trial judge properly granted summary judgment because there was no issue of material fact, and the defendants are entitled to judgment on the basis of governmental immunity under section 8542(b) as a matter of law.

Accordingly, the decision of the court of common pleas is affirmed.

## ORDER

Now, August 22, 1988, the order of the Court of Common Pleas of Bucks County granting defendants' motion for summary judgment, No. 86-2590, dated July 16, 1987, is affirmed.