## Mindala v. PennDOT

*William A. Atlee Jr.,* for plaintiff.

*James Moyles, deputy attorney general,* for defendant PennDOT.

PEREZOUS, *J.,* May 16, 1990 — Before the court is the motion for summary judgment of defendant Commonwealth of Pennsylvania, Department of Transportation with respect to both the causes of action initiated by Eileen S. Stiffler and Tracey Lee Osborne and by Michael Mindala.[1]

The history of this case is well-known to this court. The case arises out of a tragic accident which occurred at the intersection of Indiantown and Schoeneck Roads in West Cocalico Township on November 25, 1979. The vehicle driven by defendant Harry H. Good collided with the Jeep vehicle driven by Thomas Mindala, in which his wife, Vickie Lee Mindala, and daughter, then Tracey Lee Mindala, were passengers. Thomas and Vickie Lee Mindala died as a result of injuries received in the collision and their daughter suffered severe injuries. At the point of the collision, the Good vehicle was proceeding southbound on Schoeneck Road and the Mindala vehicle was proceeding westbound on Indiantown Road. Stop signs had for 40 years controlled the eastbound and westbound traffic on Indiantown Road. Traffic on Schoeneck Road was not controlled by stop signs at the intersection. The stop sign for westbound traffic on Indiantown Road was missing on November 25, 1979. Schoeneck Road on both sides of the intersection is a state-

---

1. Stiffler and Osborne initiated their separate action in Allegheny County. The case was transferred to Lancaster County upon an order for change of venue. Subsequently, on June 25, 1982, the Stiffler/Osborne action and the Mindala action were consolidated by order of court. Finally, on December 31, 1984, by order of court, Eileen S. Stiffler was substituted as administratrix of the estate of Vickie Lee Mindala by Gary G. Krafft, administrator.

designated highway.[2] Indiantown Road is only a state-designated highway east of the intersection;[3] west of the intersection it is a township road. Hence, the missing stop sign was the one located on the state-designated portion of Indiantown Road.

Suit was instituted by the decedents' administratrix and administrator and the guardian for Tracey Lee, against several defendants including the Commonwealth of Pennsylvania, Department of Transportation.[4]

It is the position of the commonwealth party that plaintiffs' complaint fails to allege any facts which fall within any of the exceptions of sovereign immunity set forth at 42 Pa.C.S. §8522(b)(1) through (9), that sovereign immunity is not waived, and that defendant PennDOT should be dismissed from this action as a matter of law.

In ruling on this motion the court is guided by the familiar standard expressed in Pa. Rule of Civil Procedure 1035(b) — that summary judgment may be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Acker v. Palena,* 260 Pa. Super. 214, 393 A.2d 1230 (1978). In addition, the court is to remain mindful that in consideration of a motion for summary judgment the court must examine the record in the light most favorable to the

---

2. See 36 P.S. §1738-2.

3. See 36 P.S. §67-102.

4. An action was also brought against West Cocalico Township based on the negligence of its police department in not correcting the situation or warning motorists of the hazardous condition. The Court of Common Pleas, Lancaster County, denied township's motion for summary judgment, 68 Lancaster L. Rev. 646 (1983), and the Commonwealth Court, 90 Pa. Commw. 366, 495 A.2d 644 (1985), reversed and remanded. Appeal was taken. The Supreme Court, being evenly divided, affirmed the Commonwealth Court's reversal, 518 Pa. 350, 543 A.2d 520 (1988).

non-moving party. The court's function is not to decide the issues of fact but merely to determine whether such issues exist. All doubts as to existence of genuine issue of material fact must be resolved in favor of the non-moving party. *Petri v. Smith,* 307 Pa. Super. 261, 453 A.2d 342 (1982).

In considering a motion by defendant for a summary judgment the court must accept as true all well-pleaded facts in the plaintiffs' pleadings, giving the plaintiff the benefit of all reasonable inferences to be drawn therefrom. A summary judgment should be granted only when the case is clear and free from doubt. *Toth v. Philadelphia,* 213 Pa. Super. 282, 247 A.2d 629 (1968).

Article II, §1 of the Pennsylvania Constitution provides that the commonwealth, its departments, agencies, boards, commissions and its officials and employees acting within the scope of their duties are immune from suit except as the state legislature may specifically waive such immunity by statute. The legislature has waived such immunity in eight specifically described categories under 42 Pa.C.S. §8522, entitled Exceptions to Sovereign Immunity.

This action has been brought pursuant to 42 Pa.C.S. §8522(b)(4), the commonwealth real estate exception to the doctrine of sovereign immunity. In its motion for summary judgment, defendant claims that plaintiffs' complaint against PennDOT does not plead any facts which fall within any exception to sovereign immunity. Plaintiffs claim that section 8522(b)(4) applies to the fact situation in this case and would permit suit. This section reads as follows:

"§8522. *Exceptions to Sovereign Immunity*

"(a) *Liability imposed* — The general assembly, pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within

the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

"(b) *Acts which may impose liability* — The following acts by a commonwealth party may result in the imposition of liability on the commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

. . .

"(4) *Commonwealth real estate, highways and sidewalks* — A dangerous condition of commonwealth agency real estate and sidewalks, including commonwealth-owned real property, leaseholds in the possession of a commonwealth agency and commonwealth-owned real property leased by a commonwealth agency to private persons, and highways under the jurisdiction of a commonwealth agency, except conditions described in paragraph (5)."

A commonwealth party is defined under Title 42 P.S. §8501 as "a commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." Obviously the Department of Transportation falls within this definition. It is clear from a reading of 42 Pa.C.S. §8522(b)(4) that plaintiff would be free to sue under this limited waiver provision if the fact situation in the instant case falls within this exception. Accordingly, this court makes the following

## FINDINGS OF FACT

(1) Plaintiffs are Michael Mindala, administrator of the estate of Thomas M. Mindala, deceased; Gary Krafft, administrator of the estate of Vickie Lee Mindala, deceased; and Tracey Lee Osborne, formerly known as Tracey Lee Mindala, a minor, by Mellon Bank, N.A., guardian of her estate.

(2) Defendant, Commonwealth of Pennsylvania, Department of Transportation, is an agency of the Commonwealth of Pennsylvania, authorized to act for and on behalf of the commonwealth, maintaining offices at Department of Transportation, Traffic and Safety Building, Harrisburg, Pa. 17120.

(3) On November 25, 1979, Thomas M. Mindala was the owner of a 1977 Jeep CJ-7, Pennsylvania registration KO9316.

(4) On November 25, 1979, Harry H. Good was the owner of a 1973 Dodge Polara, Pennsylvania registration 5B1797.

(5) On November 25, 1979, at approximately 7 p.m., Thomas M. Mindala was operating his Jeep CJ-7 automobile westbound on Indiantown Road, in West Cocalico Township, Lancaster County, Pa.

(6) On November 25, 1979, at approximately 7 p.m., Harry H. Good was operating his 1973 Dodge Polara southbound on Legislative Route 36030, Schoeneck Road, in West Cocalico Township, Lancaster County, Pa.

(7) On November 25, 1979, at approximately 7 p.m., the two vehicles collided in the intersection of Indiantown Road and Schoeneck Road in Lancaster County, Pa., resulting in serious injury and the death of Thomas M. Mindala and Vickie Lee Mindala.

(8) The intersection of Indiantown Road and Schoeneck Road was to be controlled by a stop sign for traffic traveling on Indiantown Road.

(9) Sometime prior to the accident the stop sign controlling westbound traffic on Indiantown Road was removed.

(10) At the time of the accident there was no stop sign controlling westbound traffic on Indiantown Road.

(11) The intersection at which the accident occurred and off-street lighting systems, street lights, and traffic signs located on or adjacent thereto were under the care, custody or control of the Commonwealth of Pennsylvania, Department of Transportation.

## DISCUSSION

The issue in this case is whether or not plaintiffs' complaint states a cause of action within 42 Pa.C.S. §8522(b)(4), the commonwealth real estate, highways and sidewalks exception to the commonwealth's sovereign immunity.

It is defendant PennDOT's position that plaintiffs' complaint, specifically paragraph 16(f) and (g), fails to allege any facts which fall within any of the exceptions to sovereign immunity set forth at 42 Pa.C.S. §8522(b)(1) through (9). Defendant contends that, at best, plaintiffs are alleging negligent policies and procedures on the part of the commonwealth and that when policies and procedures have been the basis for actions alleging a "dangerous condition" of a commonwealth highway under section 8522(b)(4), the Commonwealth Court has consistently refused to impose liability upon the commonwealth agency involved.

Plaintiffs, on the other hand, claim that PennDOT should not narrowly look to two subparagraphs of plaintiffs' complaint in determining whether their cause of action falls within any statutory exception to the state's sovereign immu-

nity. Plaintiffs contend that, taken as a whole, the complaint makes clear that the "dangerous condition" or "defect" in the highway was the missing stop sign. Finally, plaintiffs contend that the allegation of negligent policies and procedures on the part of the commonwealth are additional facts that are necessary to demonstrate the acts of negligence making the commonwealth liable for that "dangerous condition."

In determining whether plaintiffs have properly stated a cause of action within the limited exception of 42 Pa.C.S. §8522(b)(4), this court must first look to the language of the statute itself. The relevant language is contained in section 8522(a) and (b)(4).[5]

The court is impressed with the following language: "The General Assembly . . . does hereby waive . . . sovereign immunity as a bar to an action against commonwealth parties, for damages arising *out of a negligent act where the damages would be recoverable under the common law . . . if the injury were caused by a person not having available the defense of sovereign immunity.*"[6] (emphasis supplied)

In this court's view, the language of the statute presupposes some negligent conduct, be it policies or procedures, on the part of the commonwealth, to establish a breach of duty. It must be remembered that plaintiffs still have the burden of establishing some theory of common-law negligence, including duty, breach, causation and damages.[7]

---

5. See 330-1, *supra*.

6. 42 Pa.C.S. §8522(a).

7. See *Mascaro v. Youth Study Center,* 514 Pa. at 357, 523 A.2d at 1121 (1987) (claim against city could be maintained at common law against one not having immunity defense, which is a precondition to maintaining an action against city under Political Subdivision Tort Claims Act. 42 Pa.C.S. §8542(a)(1)).

In the instant case, defendant PennDOT has directed this court's attention to paragraph 16(f) and (g) of plaintiffs' complaint and claims that these allegations of negligent policies and procedures do not fall within section 8522(b)(4). Defendant contends that plaintiffs have failed to allege a "dangerous condition" or "defect" on commonwealth real estate and therefore have not pled sufficient facts to constitute a waiver of sovereign immunity. Defendant then goes on to cite numerous cases requiring a "defect" in the highway itself, as opposed to the commonwealth's negligent policies and procedures.

For example, defendant cites *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987), and claims that the "dangerous condition" of language of (b)(4), as paralleled in the highway and real estate exception under the Political Subdivision Tort Claim Act, 42 Pa.C.S. §8542(b)(3),[9] was interpreted by the court to mean that:

"[T]he real estate exception can be applied . . . only . . . where it is alleged that the artificial condition or *defect* of the land *itself* causes the injury. . ." *Mascaro,* 514 Pa. at 363, 523 A.2d at 1124. (first emphasis supplied; second emphasis in original)

Defendant PennDOT then goes on to cite recent cases that have followed the guidance of *Mascaro,* in that they have all required the showing of a "defect" in the highway itself, which causes the injuries. *Houston v. Central Bucks School Authority,* 119 Pa. Commw. 48, 546 A.2d 1286 (1988); *Gallagher v. Commonwealth of Pennsylvania, Bu-*

---

8. "Although [*Mascaro*] addressed the governmental immunity of local agencies, the reasoning of these decisions mandates the same conclusion with respect to the commonwealth under [42 Pa.C.S. §8522]." *Moore v. Commonwealth, Dept. of Justice,* 114 Pa. Commw. 56, 60, 538 A.2d 111, 113 (1988). (footnote omitted)

*reau of Correction,* 118 Pa. Commw. 516, 545 A.2d 981 (1988). Finally, defendant PennDOT reiterates its position that plaintiffs have improperly asserted that a dangerous condition can exist by virtue of PennDOT's negligent policies and procedures and that, following *Mascaro,* this falls short of alleging that the "artificial condition" or "defect" in the land itself caused the accident.

This court readily agrees that the "defect" must be in the land itself and cannot spring from an operational policy or procedure on the part of the commonwealth.[9]

Indeed, the Supreme Court of Pennsylvania has ruled that "[S]overeign immunity is waived pursuant to 42 Pa.C.S. §8522(b)(4), where it is alleged that the artificial condition or defect of the land itself causes an injury to occur." *Snyder v. Harmon,* 102 Pa. Commw. 519, 519 A.2d 528 (1986). Interestingly enough, however, our highest court then goes on to hold that "the corresponding duty of care a commonwealth agency owes to those using its real estate, is such as to *require* that the condition of the property is safe for the activity which it is regularly used, intended to be used or reasonably foreseen to be used." *Id.* (emphasis supplied)

It is precisely this duty, on the part of the commonwealth, that plaintiffs have alleged to have been breached in paragraph 16(f) and (g).[10]

---

9. *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987). See also, *Houston v. Central Bucks School Authority,* 119 Pa. Commw. 48, 546 A.2d 1286 (1988); *Gallagher v. Commonwealth of Pennsylvania, Bureau of Correction,* 118 Pa. Commw. 516, 545 A.2d 981 (1988).

10. Plaintiffs' complaint, paragraph 16(f) and (g), reads as follows:

"(16) The aforesaid accident . . . was due to the reckless, careless, and negligent conduct of defendant in one or more of the following particulars:. . .

As the Supreme Court of Pennsylvania has held, the commonwealth's duty is such as to *require* that the condition of their property is safe. (emphasis supplied) While paragraph 16(f) and (g) of plaintiffs' complaint does not, in and of itself, form the basis of a "dangerous condition" or "defect," the language is appropriate and in fact required to allege the breach of the commonwealth's duty.

This court is convinced that plaintiffs' complaint, taken as a whole,[13] makes clear that the missing stop sign is the "dangerous condition" or "defect" that is being alleged. Even in light of the Supreme Court's mandate to strictly construe the exceptions to sovereign immunity,[14] it is clear that plaintiffs have pleaded a "dangerous condition of" a commonwealth highway. An evaluation of the record in this case indicates that the court cannot determine, as a matter of law, that plaintiffs do not fall within section 8522(b)(4).

Finally, defendant PennDOT has requested that, in the event their motion for summary judgment is

---

"(f) In failing to properly inspect and/or maintain the highway(s) and signs appurtenant thereto in such a fashion as to protect the traveling public from hazardous or dangerous conditions.

"(g) In failing to properly supervise or direct its agents, servants, or employees to guard against defects or deficiencies in the design, installation, or maintenance of said highway(s) and signs appurtenant thereto."

11. Defendant's motion for summary judgment is in the nature of a demurrer. This court is guided by well-established principles when ruling upon the sufficiency of a demurrer. "A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible therefrom for the purposes of testing the legal sufficiency of the challenged pleading." *Duffee v. Judson,* 251 Pa. Super. 406, 409, 380 A.2d 843, 844-5 (1977).

12. *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987).

338

denied, this court enter an in limine order limiting plaintiffs' proof at trial to evidence relevant to the issue of "defect." In addressing this request, this court feels compelled to remind defendant that evidence of negligent policies and procedures on the part of the commonwealth is not only appropriate, but directly relevant to the issue of breach of duty. Accordingly, this court enters the following

### ORDER

And now, May 16, 1990, upon consideration of the motion of defendant, Commonwealth of Pennsylvania, Department of Transportation, for partial summary judgment or motion in limine on issue of sovereign immunity, and after review of all response thereto, together with the legal briefs, it is ordered that defendant's motion is denied and dismissed.