606 A.2d 550

**Deborah BENSON, as parent and natural guardian of Dolores Benson, a minor and Deborah Benson, in her own right, Appellant,**

**v.**

**CITY OF PHILADELPHIA and Philadelphia Anti–Graffiti Network, Inc. and Gary Patton and Denise Smith and Charles Bathea, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1991.

Decided March 16, 1992.

---

**390**

Thaddeus J. Bartkowski, for appellant.

Alan C. Ostrow, Chief Asst. City Sol., for appellees.

Before SMITH and PELLEGRINI, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Deborah Benson, as parent and natural guardian of Delores Benson and in her own right (Benson), appeals from the order of the Court of Common Pleas of Philadelphia County granting the City of Philadelphia's (City) motion for summary judgment. The issue on appeal is whether Benson's cause of action falls within the real property exception to governmental immunity provided for in 42 Pa.C.S. § 8542(b)(3).[1]

On July 11, 1986, while participating in a summer youth program sponsored by the City and the Philadelphia Anti-Graffiti Network, Benson's minor child was allegedly struck by a handcart being operated by Gary Patton, a City employee assigned to clean and maintain the recreation

---

1. Section 8542(b)(3) provides in relevant part:
   (b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
   ....
   (3) *Real property.*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.

center where the incident occurred. Patton asked the child to stand on the cart, which was being used to carry trash cans, to lend balance to the cart. Patton then allegedly began to rapidly push the cart in a zig-zag fashion; the child was struck when she either fell or jumped from the cart. Benson filed a civil action alleging that the City, through its agent Patton, was liable for the child's injuries.[2] The trial court granted the City's motion for summary judgment because Benson did not allege that an artificial condition or defect of the land itself caused the child's injuries; ergo, her claim does not fall within the real estate exception to governmental immunity.

A motion for summary judgment may be granted only when there is no genuine issue as to any material facts and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035(b). In order for a summary judgment motion to be sustained, the case must be clear and free from doubt. *Pennsylvania State Lodge of Fraternal Order of Police v. Bailey*, 128 Pa.Commonwealth Ct. 72, 562 A.2d 985 (1989), *aff'd*, 525 Pa. 265, 579 A.2d 1295 (1990). In reviewing an order granting a motion for summary judgment, this Court's scope of review is limited to determining whether the trial court committed an error of law or manifestly abused its discretion. *Deritis v. City of Philadelphia*, 136 Pa.Commonwealth Ct. 244, 582 A.2d 738 (1990).

The real estate exception to governmental immunity is to be narrowly construed against the injured plaintiff given the expressed legislative intent to insulate political subdivisions from tort liability. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987); *Donaldson v. Department of Transportation*, 141 Pa.Commonwealth Ct. 474, 596 A.2d 269 (1991); *City of Philadelphia v. Buck*, 138 Pa.Commonwealth Ct. 250, 587 A.2d 875, *appeal denied*,

**2.** Patton and his two supervisors, Denise Smith and Charles Bathea, were also named as defendants on the basis of negligent supervision. However, the action against these three individuals was dismissed because they were never served with the complaint.

528 Pa. 618, 596 A.2d 801 (1991). For the limited waiver of Section 8542(b)(3) to apply, there must be negligence which makes the real property *itself* unsafe for activities for which it is used. *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989); *Mascaro.* In other words, the conduct or negligent act complained of must be directly related to the condition of the property. *Houston v. Central Bucks School Auth.,* 119 Pa.Commonwealth Ct. 48, 546 A.2d 1286 (1988), *appeal denied,* 522 Pa. 598, 562 A.2d 322 (1989). Thus the negligent act complained of "must derive, originate from or have as its source" the governmental realty. *Snyder,* 522 Pa. at 433, 562 A.2d at 311.

■ The gravamen of Benson's challenge is that the real estate exception applies because the employee's "active" negligence occurred while he was in the process of caring for real property owned by the City, and that the handcart was a "tool" being used to care for that property. Also, she argues that the legislature did not intend under Section 8542(b)(3) that a plaintiff must show a defective condition of the real property itself and that the handcart which caused the injury should not be the focus of the Court's inquiry. Rather, it should be the act or intent of the employee in "caring for" the real property. Benson fails to cite any authority to support her position. Indeed, Benson's analysis of *Mascaro* and its progeny ignores the oft-stated principle that the focus of the negligent act involving government-owned real estate becomes the actual defects of the real estate itself.[3]

3. *See Snyder; see also Farber v. Pennsbury School Dist.,* 131 Pa.Commonwealth Ct. 642, 571 A.2d 546 (1990) (school district immune where student who fell and was injured in race on district property alleges negligence caused his injury but fails to allege a defect or artificial condition of the land); *Houston* (real estate exception inapplicable to claim against school authority of negligence in supervising child at school who was injured when he fell while leaving school building with employee); *Scott v. Willis,* 116 Pa.Commonwealth Ct. 327, 543 A.2d 165 (1988) (conduct of school district employees in permitting teacher to cover up windows of his office with posters did not bring district within real property exception for sexual assaults committed in office by teacher upon grade school students); *King v. City of Philadelphia,* 107 Pa.Commonwealth Ct. 126, 527 A.2d 1102

Benson's allegations do not contain statements as to artificial conditions or defects of the land itself. What is alleged here is negligent operation of the handcart while in the process of caring for real property owned by the City.[4] As the handcart is quite clearly personalty and not real property, Benson's cause of action does not fall under the real property exception. *See Deritis.* Furthermore, a claim of negligent supervision has been repeatedly held insufficient to impose liability under the real estate exception. *Prescott v. Philadelphia Housing Auth.,* 124 Pa.Commonwealth Ct. 124, 555 A.2d 305 (1989). Accordingly, since nothing in the record or the pleadings indicate that Benson's injury was caused by the condition of the property itself, the trial court committed no error of law in granting summary judgment and its decision must remain intact.

## ORDER

AND NOW, this 16th day of March, 1992, the order of the Court of Common Pleas of Philadelphia County is affirmed.

---

(1987), *appeal denied,* 522 Pa. 621, 563 A.2d 889 (1989) (City immune from suit where plaintiff who had fallen and suffered injuries while being escorted up steps at city jail while handcuffed to a crutch alleged failure to maintain proper care of real property so as to allow for his safe transport within the jail but did not allege any defect in the real property to be the cause of his injuries).

4. That the legislature would intend that the City should remain immune under these circumstances is further underscored by the express language of 42 Pa.C.S. § 8541: "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."