## DeLuca v. School District of Philadelphia

*Harris R. Rosen,* for plaintiffs.
*Martin Horowitz* and *Barry W. Smiley,* for defendant.

CAESAR, *J.,* January 26, 1993 —

MEMORANDUM OPINION AND ORDER

I. BACKGROUND

At approximately 5:30 p.m. on Friday, January 17, 1986, Mary DeLuca slipped on a substance which had leaked onto Farrell School property from a trash bag placed by the curb outside of the Farrell School by school employees. Having slipped, Mrs. DeLuca fell into a school fence and hedge, then onto the sidewalk, whereby she suffered cuts, bruises, a slight concussion and a hairline fracture of the left shoulder.[1] Mrs. DeLuca received treatment for her injuries over a several month period from both John F. Kennedy Hospital and Dr. Ziev, her family physician.

---

1. Mrs. DeLuca is left-handed.

The DeLucas sued the School District of Philadelphia for a dangerous condition of the sidewalk (42 Pa.C.S. §8542(b)(7)) as well as for negligence in the care, custody, and/or control of the Farrell School real property under the real estate exception to governmental immunity (42 Pa.C.S. §8542(b)(3)).[2]

After a three day trial before the Honorable Berel Caesar and a jury, the jury returned a verdict in favor of the school district. Plaintiffs timely filed a motion for post-trial relief and both parties timely filed briefs.

Having considered the parties' submissions, the notes of testimony and numerous cases, this court denies plaintiffs' motion.

## II. DISCUSSION

The Pennsylvania Legislature created specific exceptions to the general principle of governmental immunity in the Political Subdivision Tort Claims Act. 42 Pa.C.S. §8541, *et seq.* In order to impose liability on a local agency, such as the School District, a plaintiff must establish three things. First, the plaintiff must show that "the damages would be recoverable under common law or a statute." 42 Pa.C.S. §8542(a)(1). Second, the plaintiff must show that "the injury was caused by the negligence of the local agency or an employee thereof." 42 Pa.C.S. §8542(a)(2). Third, the injury must result from one of a number of enumerated acts including the "care, custody

2. At the close of their case-in-chief, the DeLucas amended their complaint to include a reference to "real estate of the School District of Philadelphia." (N.T. 3/11/92, 168)

or control of real property in the possession of the local agency." 42 Pa.C.S. §8542(b)(3).[3]

## A. *Common Law Cause Of Action*

The DeLucas cite the Restatement, Second, Torts §342 as authority to show that damages would be recoverable under common law if Mrs. DeLuca's injuries had been caused by a private person or entity:

"§342. *Dangerous conditions known to possessor*—

"A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if:

"(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

"(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

"(c) the licensees do not know or have reason to know of the condition and the risk involved." Restatement, Second, Torts §342. Our courts have acknowledged the duty of a possessor of land as embodied in §342. See *Felix v. O'Brien,* 413 Pa. 613, 199 A.2d 128 (1964); *Peair v. Home Ass'n of Enola Legion No. 751,* 287 Pa. Super. 400, 430 A.2d 665 (1981); *Baran v. Pagnotti Enterprises*

---

3. Plaintiffs have restricted their arguments to the real estate exception as will this writer since the jury's finding that Mrs. DeLuca fell on real estate and not on the sidewalk is supported by ample evidence.

*Inc.,* 402 Pa. Super. 298, 586 A.2d 978 (1991). Thus, the DeLucas have demonstrated the existence of a common law cause of action.

## B. *Negligence*

The DeLucas introduced evidence from which a reasonable jury could find that it was the duty of Farrell School employees "to take out the trash, that they had known of other substances in the past leaking out of the trash bags, that they had known of instances in the past where trash bags had been improperly secured and tied and, furthermore, it was their duty to inspect the area where the female plaintiff fell specifically to look for leaking substances" for the purpose of taking remedial action and that they failed to carry out these duties on January 17, 1986. (Plaintiffs' Brief 3).

## C. *Real Estate Exception*

The jury was asked seven specific interrogatories. The purpose of the first interrogatory was to determine, as a matter of fact, where Mrs. DeLuca fell in order to determine, as a matter of law, which exception to governmental immunity applied. The jury found that Mrs. DeLuca fell on Farrell School real estate.

The Pennsylvania Legislature waived immunity for the "care, custody or control of real property in the possession of the local agency." 42 Pa.C.S. §8542(b)(3). Thus, the school district was not immune from suit for the maintenance crew's care, custody and/or control of the Farrell School property where Mrs. DeLuca fell.

In *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987), the Pennsylvania Supreme Court interpreted[4] the exception to governmental immunity. The Supreme Court determined that "Acts of the local agency or its employees which make the property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may reasonably be foreseen to be used, are acts which make the local agency amenable to suit." *Mascaro, supra* at 362, 523 A.2d at 1124. The Supreme Court further held that "the real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury." *Mascaro, supra* at 363, 523 A.2d at 1124 (emphasis in original); See *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989).

*In Houston v. Central Bucks School Authority,* 119 Pa. Commw. 48, 546 A.2d 1286 (1988), the Commonwealth Court likewise held:

"For the limited waiver of immunity of section 8542(b)(3) (and, by analogy, of subsections (6) and (7) as well) to apply, there must be negligence which makes the real property itself unsafe for the activities for which it is used. *Vann v. Board of Education, School District of Philadelphia,* 76 Pa. Commw. 604, 464 A.2d 684 (1983)." *Houston, supra* at 55, 546 A.2d at 1289. In

---

4. The Supreme Court believed that the exception "must be narrowly interpreted given the expressed legislative intent to insulate political subdivisions from tort liability." *Mascaro, supra* at 361, 523 A.2d at 1123. (citations omitted)

*Houston,* the Commonwealth Court upheld summary judgment in favor of the School District where a student with cerebral palsy fell on school property but fell as a result of losing his balance after resisting using a walker and not as a result of any defect of the real estate itself.

The law distinguishes between defects *of* the real estate and defects *on* the real estate. Plaintiffs may recover for defects *of* the real estate. See *Mascaro, supra.* Plaintiffs may not recover for defects *on* the real estate. See *Wellons v. Southeastern Pennsylvania Transportation Authority,* 141 Pa. Commw. 622, 596 A.2d 1169 (1991) (upholds summary judgment in favor of city where plaintiff slipped on paper bag on platform); *Bowles v. Southeastern Pennsylvania Transportation Authority,* 135 Pa. Commw. 534, 581 A.2d 700 (1990) (upholds summary judgment in favor of SEPTA where plaintiff fell on natural accumulation of ice or frost); *Douglas v. Philadelphia Housing Authority,* 134 Pa. Commw. 441, 578 A.2d 1011 (1990) (upholds dismissal of complaint where plaintiff was struck from above by hambone thrown out from public housing); *Ambacher v. Penrose et al.,* 92 Pa. Commw. 401, 499 A.2d 716 (1985) (upholds sustaining of preliminary objections where plaintiff fell on fence which had fallen and covered part of sidewalk).

In this case, the jury may only have held the school district liable if its employees' negligence created an artificial condition or defect of the school's paved area (foreseeably used for pedestrian traffic) which caused Mrs. DeLuca to fall and sustain injury. The DeLucas introduced no evidence of a structural or design defect in the real

estate. However, the DeLucas contended that once the substance which leaked from the trash bag onto the paved area froze, the resulting ice constituted an artificial condition or defect of the school property. Logically, the second interrogatory asked the jury whether Mrs. DeLuca "fell as a result of slipping on frozen milk attached to the concrete" or "fell as a result of a wet substance on the concrete." If the jury found that Mrs. DeLuca slipped on a wet substance, then she did not fall as a result of a defect of the property. On the other hand, if the jury found that Mrs. DeLuca slipped on ice, then the court would have been faced with the legal question of whether ice may be a defect of the real estate.

In *Mahanoy Area School District v. Budwash,* 146 Pa. Commw. 72, 604 A.2d 1156 (1992), the Commonwealth Court declined the opportunity to decide whether a patch of ice on school property is a defect or artificial condition of the real estate. *Mahanoy Area School District* at 76, 604 A.2d at 1159. The facts of the *Mahanoy Area School District* case are as follows:

"On November 21, 1987, Mrs. Budwash attended a play-off football game at the School District's football stadium. After taking a seat in the bleachers of the stadium, Mrs. Budwash decided to return to her car to get additional blankets. While walking on a walkway in front of the bleachers, she stepped to her right to avoid a group of children who were running toward her; she slipped and fell on an ice patch. As a result of the fall, Mrs. Budwash broke her left ankle and bruised both hands." *Mahanoy Area School District* at 74, 604 A.2d at 1157. The Commonwealth Court held that the Budwashes did assert a

common law cause of action and that the hills and ridges doctrine did not apply to these facts.[5]

---

5. In *Rinaldi v. Levine,* 406 Pa. 74, 176 A.2d 623 (1962), the Pennsylvania Supreme Court stated:

"In Pennsylvania, an abutting property owner is *primarily* liable for the removal of ice and snow upon the sidewalk. [citations omitted] However the law, wisely, does not require that such abutting owner keep the sidewalk free from snow and ice at all times: to hold otherwise would require the impossible in view of the climatic conditions....

"Snow and ice upon a pavement create merely transient danger and the only duty upon the property owner or tenant is to act within a reasonable time after notice to remove it when it is in a dangerous condition. [citations omitted] There is no liability created by a general slippery condition on sidewalks. It must appear that there were dangerous conditions due to ridges or elevations which were allowed to remain for an unreasonable length of time, or were created by defendant's antecedent negligence." *Rinaldi,* 406 Pa. at 77-78. This exception has become known as the hills and ridges doctrine. See *Harmotta v. Bender,* 411 Pa. Super. 371, 601 A.2d 837 (1992), *alloc. denied,* 530 Pa. 655, 608 A.2d 30 (1992); *Gilligan v. Villanova University,* 401 Pa. Super. 113, 584 A.2d 1005 (1991); *Giosa v. School District of Philadelphia,* 127 Pa. Commw. 537, 562 A.2d 411 (1989), *alloc. denied,* 525 Pa. 629, 578 A.2d 416 (1990).

However, the hills and ridges doctrine does not apply where "a specific, localized, isolated patch of ice exists" because "it is comparatively easy for a property owner to take the necessary steps to alleviate the condition, while at the same time considerably more difficult for the pedestrian to avoid it even exercising the utmost care." *Williams v. Shultz,* 429 Pa. 429, 433, 240 A.2d 812, 814 (1968).

In *Williams v. Shultz, supra,* the plaintiff was traversing a sidewalk, which appeared to be completely free of any ice or snow, when she stepped on some leaves covering a patch of ice whereupon she slipped and fell. In *Tonik v. Apex Garages Inc.,* 442 Pa. 373, 275 A.2d 296 (1971), plaintiff recovered for injuries sustained when she slipped and fell on ice present in a crack in a sidewalk otherwise free and clear of ice and snow. Under the facts in *Tonik,* our Supreme Court held that the doctrine of hills and ridges did not apply.

The Commonwealth Court further stated in *Mahanoy Area School District* that:

"As mentioned earlier, the school district also took an appeal in this case. In its motion for summary judgment, it argues that the school district was absolutely immune pursuant to *Bowles v. Southeastern Pennsylvania Transportation Authority*, 135 Pa. Commw. 534, 581 A.2d 700 (1990), and *Huber v. Department of Transportation*, 122 Pa. Commw. 82, 551 A.2d 1130 (1988). The trial court decided the motion on the basis of the doctrine of "hills and ridges"; the school district filed its cross appeal to preserve the argument that it is absolutely immune. We do not believe that this matter can be discussed at this time." *Mahanoy Area School District, supra* at 76, 604 A.2d at 1158-1159.

Earlier, however, in *Giosa v. School Dist. of Philadelphia*, 127 Pa. Commw. 537, 562 A.2d 411 (1989), *alloc. denied*, 525 Pa. 629, 578 A.2d 416 (1990), the Commonwealth Court posited as *dictum:*

"snow and ice in freezing temperatures tend to become attached to the surface upon which they lie, and are not easily detached from the surface unless some affirmative force is applied. Although a fallen fence may merely rest or lie on the ground or sidewalk, ice and snow may become affixed to those surfaces, and thus, under certain conditions, may be fairly characterized as a condition *of* the sidewalk, and not merely a condition *on* the sidewalk." (emphasis in original) *Giosa, supra* at 542-543, 562 A.2d at 414.

The question of whether ice is a defect *of* or *on* the real estate has not yet been decided by an appellate court as a matter of law.

In this case, the jury found that Mrs. DeLuca slipped on a wet substance. The court finds ample evidence in the record to support the jury's finding. Therefore, the court was never called upon to decide whether ice is a defect *of* or *on* the real estate.

The court will not address plaintiffs' arguments regarding rulings as to Dr. Richard Smith who was offered on the issue of damages since the foregoing analysis precludes any finding of liability.

## III. CONCLUSION

For the foregoing reasons, the court denies plaintiff's motion for new trial.

## ORDER

And now, January 25, 1993, it is hereby ordered and decreed that plaintiff's post-trial motion for new trial is denied and judgment is entered on the verdict of the jury.