**Robert GRIEFF and the Emlenton Volunteer Fire Association, Inc., Appellants,**

**v.**

**Marlene E. REISINGER and Louis Reisinger, her husband.**

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 1994.

Decided Jan. 5, 1995.

Reargument Denied Feb. 23, 1995.

Patrick Delaney, for appellants.

Ralph L.S., Montana, for appellees.

Before COLINS, President Judge, and McGINLEY, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and NEWMAN, JJ.

KELLEY, Judge.

Robert Grieff and the Emlenton Volunteer Fire Association, Inc. (jointly referred to as

the appellants) appeal an order of the Court of Common Pleas of Venango County (trial court) which denied the second motion for summary judgment filed by the appellants as defendants in a negligence action initiated by Marlene E. Reisinger and her husband Louis Reisinger.

At 8:00 a.m. on August 18, 1990, the Emlenton Volunteer Fire Association, Inc. (EVFA) assembled at the fire station located in Emlenton, Venango County, for the purpose of cleaning and painting certain tools and materials to be installed on a new fire vehicle. At the time, appellant Robert Grieff was the chief of EVFA.

At approximately 6:30 p.m. that day, Marlene Reisinger, having completed her own work day, was walking past the fire station when she was invited inside by Grieff for a beverage. Mrs. Reisinger was not a member of the EVFA, but was personally acquainted with several of the members and was a good friend of Grieff. Mrs. Reisinger decided to stay at the fire station to watch television, socialize, and drink beer. Mrs. Reisinger also assisted with the work being performed by the members at the station.

At approximately 10:45 p.m., Reisinger, Grieff and another member of the EVFA began cleaning up the area near the kitchen where overspray on the floor had resulted from the spray-painting that occurred that day. Grieff poured paint thinner on the fire station floor with the intention of using a broom to brush the thinner around to remove the paint overspray remaining on the floor. The thinner flowed across the floor and under the refrigerator. Simultaneously, the refrigerator kicked on igniting the paint thinner. A flash fire resulted, which travelled the path over which the thinner had progressed to where Mrs. Reisinger was standing with a broom. Mrs. Reisinger was engulfed in flames and sustained severe injuries.

On November 15, 1991, Mrs. Reisinger and her husband initiated a negligence action against appellants alleging in Count I that the injuries suffered by Mrs. Reisinger were solely and proximately the result of the individual negligence of Grieff in:

a. failing to exercise due caution and care in the use of combustible materials;

b. failing to utilize due caution and care in the utilization of paint thinner and other combustible cleaning materials around electrical equipment;

c. failing to exercise due caution and care in the disposal of combustible cleaning materials including but not limited to paint thinner;

d. failing to warn Plaintiff Marlene E. Reisinger of the possibility of ignition of combustible materials poured down the floor drain of the fire station;

e. consuming alcoholic beverages while using combustible and flammable materials;

f. failing to discourage and/or disallow the consumption of alcoholic beverages by fire association members while working with flammable and combustible materials at the fire station during workdays;

g. failing to supervise the disposal of flammable and combustible materials used by fire association personnel at the fire station.

Complaint, paragraph 19, Reproduced Record (R.) at 9a.

Count II of the Complaint, directed against the EVFA, alleged that Marlene Reisinger's injuries were the direct and proximate result of the negligence of the EVFA in:

a. failing to supervise the use of combustible and flammable materials being used by fire association personnel at the fire station during work sessions;

b. allowing the consumption of alcoholic beverages by fire association members during the performance of proprietary functions at the fire station;

c. failing to provide for the proper disposal of combustible and flammable materials used by fire association personnel in conjunction with proprietary functions performed at the fire station;

d. failing to warn the Plaintiff of the existence of dangerous conditions present concerning the usage of flammable and combustible materials;

e. failing to train fire association members of the dangers of dumping flammable and combustible materials into open drains.

Complaint, paragraph 21, R. at 10a.

Appellants filed an answer and new matter denying the allegations against them and raised as a bar to the Reisinger's cause of action the principle of sovereign immunity under section 8541 of what is commonly called the Political Subdivision Tort Claims Act (Act).[1]

The Reisingers filed a reply to new matter which restated the same allegations concerning the negligence of Grieff and the EVFA which were set forth in the complaint.

Appellants filed a motion for summary judgment on November 10, 1992, wherein appellants maintained their immunity from liability under section 8541 of the Act. Further, appellants argued that the Reisingers failed to plead the applicability of any of the enumerated exceptions to governmental immunity found at section 8542 of the Act, and specifically, the real property exception, section 8542(b)(3).

In response to appellants' motion, at argument and in their brief before the trial court, the Reisingers for the first time asserted the real property exception. The real property exception provides:

§ 8542. Exceptions to Governmental Immunity

\*　　\*　　\*　　\*　　\*　　\*

(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency.

\*　　\*　　\*　　\*　　\*　　\*

(3) Real Property—The care, custody or control of real property in the possession of the local agency....

42 Pa.C.S. § 8542(b)(3).

In denying the motion for summary judgment, the trial court concluded that the Reis-

ingers were not required to specifically plead section 8542(b)(3), but that in reviewing a summary judgment motion, the trial court should consider all the facts averred in the pleadings. In this case, the trial court noted, the alleged act of negligence directly related to the "care" of the fire station floor, as specifically contemplated by section 8542(b)(3). Thus, the trial court concluded, such an allegation brings the conduct within the real property exception without the need to specifically plead the exception. The trial court denied the motion by order dated January 25, 1993.

Appellants then filed a motion for reconsideration in which they argued that there was no allegation in the Reisingers' pleadings that at the time of the accident, appellants were in the process of "caring for the floor". Further, appellants argued that there were no facts or allegations of record that the condition of the floor had any relationship to the accident. The trial court denied the motion on February 1, 1993.

On July 8, 1993, after a pre-trial conference, appellants filed a second motion for summary judgment and/or interlocutory appeal order which the trial court denied by its order and opinion dated September 3, 1993. Appellants appeal from this denial.[2]

■ A motion for summary judgment may only be granted when there is no genuine issue as to any material facts and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035(b). In order for a summary judgment motion to be sustained, the case must be clear and free from doubt. *Fraternal Order of Police by Bascelli v. Bailey*, 128 Pa.Commonwealth Ct. 72, 562 A.2d 985 (1989), *aff'd*, 525 Pa. 265, 579 A.2d 1295 (1990).

On appeal, appellants assert that the trial court erred in concluding that the Reisingers alleged that Grieff was in the process of "caring for the floor" of the fire station, and that this allegation brings the conduct within the real property exception. Appellants

---

1. 42 Pa.C.S. §§ 8541–8542. Section 8541 bars claims against local agencies for injuries to a person or property caused by the act of a local agency, its employees or a third party.

2. The present appeal was permitted by this court's October 13, 1993 order granting appellants' petition for permission to appeal filed pursuant to 42 Pa.C.S. § 702(b).

maintain that neither the complaint nor the reply to new matter specifically allege/aver that the accident was caused/resulted from a defect or dangerous condition of the subject real estate.

The real property exception to governmental immunity is to be narrowly construed against the injured plaintiff given the expressed legislative intent to insulate political subdivisions from tort liability. *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987). It is well established that for the real property exception to apply, the dangerous condition of the property itself must cause the injury and "must derive, originate from, or have as its source the Commonwealth realty." *Snyder v. Harmon,* 522 Pa. 424, 433, 562 A.2d 307, 311 (1989).

The exception will not apply where the injury is merely "facilitated" by the dangerous condition of the real property and not *caused* by the dangerous condition of the real property itself. *Mascaro.* The conduct or negligent act complained of must be directly related to the condition of the property. *Houston v. Central Bucks School Authority,* 119 Pa.Commonwealth Ct. 48, 546 A.2d 1286 (1988), *petition for allowance of appeal denied,* 522 Pa. 598, 562 A.2d 322 (1989). The focus of the negligent act involving government-owned property is properly the actual defects of the property itself. *Crowell v. City of Philadelphia,* 531 Pa. 400, 613 A.2d 1178 (1992); *Benson v. City of Philadelphia,* 146 Pa.Commonwealth Ct. 388, 606 A.2d 550, *petition for allowance of appeal denied,* 532 Pa. 657, 615 A.2d 1313 (1992).

These guiding principles were most recently reaffirmed by our Supreme Court in *Kiley by Kiley v. City of Philadelphia,* 537 Pa. 502, 645 A.2d 184 (1994), where the court clearly stated:

> We have consistently maintained our view that the focus of the negligent act involving a use of government owned or controlled land (including streets and sidewalks) must be the actual defect of the land itself and that the rule of immunity can be waived only in those cases where it is alleged that the artificial condition or defect of the land

itself causes the injury. Mascaro, Snyder, Crowell.

In the case *sub judice,* our review of the record indicates that the Reisingers do not allege any defects or artificial conditions existed in the fire station property itself. To the contrary, the Reisingers allege in the pleadings that the appellants' negligent conduct alone, albeit in the process of caring for local agency real property, caused the injuries. Nothing in the pleadings or in the record indicate that Mrs. Reisinger's injuries were caused by anything other than the negligence of appellants in mishandling combustibles.

It was not the floor of the fire station itself that caused Marlene Reisinger to be injured. Mrs. Reisinger received her injuries when she was engulfed in the flames of a fire which ignited from the alleged negligent mishandling of combustible liquids.

Therefore, since no allegations were made that the injuries sustained were caused by the condition of the floor itself, as opposed to the negligent use of combustibles, we conclude that the present cause of action does not fall within the real property exception to governmental immunity. The trial court erred in denying summary judgment to appellants.

Accordingly, the order of the trial court is reversed, and the case is remanded for entry of summary judgment in favor of the moving parties, Grieff and the EVFA.

### ORDER

NOW, this 5th day of January, 1995, the order of the Court of Common Pleas of Venango County, at No. A.D. 634—1991, is hereby reversed. This case is remanded for entry of summary judgment in favor of the appellants, Robert Grieff and the Emlenton Volunteer Fire Association, Inc., in accordance with this opinion.

Jurisdiction relinquished.