Sally Ambacher and George Ambacher, her husband, Appellants *v.* A. Ruth Penrose and City of Philadelphia, Appellees.

Argued June 4, 1985, before Judges ROGERS, BARRY and PALLADINO, sitting as a panel of three.

*Richard I. Torpey, Howland, Hess, Guinan & Torpey,* for appellants.

*Ralph J. Luongo,* Assistant City Solicitor, with him, *Barbara W. Mather,* City Solicitor, and *Barbara R. Axelrod,* Divisional Deputy in Charge of Appeals, for appellees.

OPINION BY JUDGE BARRY, October 24, 1985:

The Court of Common Pleas of Philadelphia County sustained preliminary objections filed by the City of Philadelphia (City) and dismissed the complaint of the plaintiff-appellants, Sally and George Ambacher.

While walking on a sidewalk in Philadelphia, Mrs. Ambacher tangled her foot in a wire fence which covered part of the sidewalk, fell to the ground and sustained injuries. The fence had apparently fallen on the sidewalk from a vacant house to the rear of appellants' property. The Ambachers filed suit against the owner of the property and the City to which the City filed preliminary objections alleging governmental immunity. The trial court sustained the preliminary objections stating that the alleged dangerous or defective condition may have existed "on" the sidewalk but was not a dangerous or defective condition "of" the sidewalk.

The statutory language in question, Section 8542 (b) (7) of the Judicial Code, 42 Pa. C. S. §8542(b) (7), reads as follows:

(7) Sidewalks.—A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. When a local agency is liable for damages under this paragraph by reason of its power and authority to require installation and repair of sidewalks under the care, custody and control of other persons, the local agency shall be secondarily liable only and such other persons shall be primarily liable.

Mrs. Ambacher contends that Section 8542(b)(7) does not grant immunity to the City for the injuries she sustained. She contends that the City is charged with the control and maintenance of sidewalks, has the duty to maintain them in a reasonably safe manner for the public, should have had the knowledge of the dangerous condition and failed to give notice or warning to the public. We, however, are constrained to disagree.

We recently held in *Ziccardi v. School District of Philadelphia,* 91 Pa. Commonwealth Ct. 595, 498 A.2d 452 (1985), that the City of Philadelphia was not liable for injuries sustained by the plaintiff-appellant under Section 8542(b)(7) because the plaintiff-appellant failed to allege a physical defect in the sidewalk which caused the injuries sustained. In this case as well, there is no allegation of any physical defect directly related to the sidewalk. *Id.* Properly interpreted, Sec-

tion 8542(b)(7) permits imposition of municipal liability for structural or integral defects *of* the sidewalk rather than *on* the sidewalk.

For these reasons, we believe the trial court properly sustained the City's preliminary objections and dismissed Mrs. Ambacher's complaint.

### ORDER

Now, October 24, 1985, the order of the Court of Common Pleas of Philadelphia County, entered April 26, 1984, at No. 4105, December Term 1983, is affirmed.