562 A.2d 411

**Frank GIOSA and Elaine Giosa, Appellants,**

v.

**SCHOOL DISTRICT OF PHILADELPHIA, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 5, 1989.

Decided July 17, 1989.

Reargument Denied Sept. 27, 1989.

Paul J. Drucker, Philadelphia, for appellants.

Donald J. Sweeney, Sweeney, Sweeney, Sheehan & Spencer, Gregory J. Sharkey, Philadelphia, for appellee.

Richard A. Stanko, Kassab Archbold Jackson & O'Brien, Pa. Trial Lawyers Association, Media, amicus curiae.

Before CRAIG and COLINS, JJ., and KALISH, Senior Judge.

CRAIG, Judge.

Frank and Elaine Giosa appeal an order of the Court of Common Pleas of Philadelphia County that granted a motion for summary judgment by the School District of Philadelphia, and dismissed, with prejudice, the Giosas' claims against the school district. We reverse and remand.

On February 14, 1983, Frank Giosa slipped on a sidewalk on school district property. Mr. Giosa sustained injuries in that fall, and sued the school district, alleging that his fall was caused by an unsafe accumulation of snow and ice on the sidewalk, and that the school district failed to maintain the sidewalk in a safe condition.

The school district raised the affirmative defense of immunity under Chapter 85 of the Judicial Code, 42 Pa.C.S. § 8541. On June 27, 1988, the trial court granted the school district's summary judgment motion, concluding that an injury from an accumulation of snow and ice on the sidewalk does not fall within the sidewalk exception to governmental immunity, 42 Pa.C.S. § 8542(b)(7).

The sole question is whether an accumulation of snow and ice on the school district's sidewalk can constitute a "dangerous condition of sidewalks" under the governmental immunity provisions of the Judicial Code, thus rendering the school district not immune as to possible liability for alleged negligent maintenance of its sidewalk, the condition of which Mr. Giosa claims caused his injuries.

Governmental immunity in Pennsylvania has an old and checkered past. Pennsylvania courts adopted the common law doctrine of governmental immunity in the nineteenth century. By the mid–1950's, the courts began to recognize the inconsistent and sometimes arbitrary application of the doctrine, and the lack of definitive standards for applying the doctrine. This recognition lead to an ever increasing criticism of the doctrine and to numerous suggestions that the legislature, rather than the judiciary should decide the conditions under which the cloak of governmental immunity should protect political subdivisions.

Finally, in 1973, the Pennsylvania Supreme Court completely abrogated the doctrine in *Ayala v. Philadelphia Board of Public Education*, 453 Pa. 584, 305 A.2d 877 (1973). The Court elected not to await legislative action abrogating the doctrine, quoting *Flagiello v. Pennsylvania Hospital*, 417 Pa. 486, 208 A.2d 193 (1965):

"[T]he controverted rule.... is not the creation of the Legislature. *This Court fashioned it, and what it put together, it can dismantle.*" (Emphasis added [in *Ayala*].) 453 Pa. at 600, 305 A.2d at 885.

In response to this change in the status of political subdivisions, and their reasonable fear of unlimited liability and inadequate insurance coverage, the legislature enacted the Political Subdivision Tort Claims Act, Act of November 26, 1978, P.L. 1399, §§ 101–803, formerly codified at 53 P.S. §§ 5311.101–5311.803.[1] The legislature repealed that Act in 1980, and adopted, in place of the Act, Subchapter C of Chapter 85 of the Judiciary Code, 42 Pa.C.S. §§ 8541–8564, which recites governmental immunity provisions nearly identical to those previously appearing in the Political Subdivision Tort Claims Act.

The Tort Claims Act sought to balance the harsh extremes of unlimited liability of a municipality (and the

1. For an insightful law review article on governmental immunity before and after the legislature enacted the Act, see Note, *The Political Subdivision Tort Claims Act: Pennsylvania's Response to the Problems of Municipal Tort Liability*, 84 Dickinson L.Rev. 717 (1980) (authored by Pamela Lajeunesse).

attendant cost to the municipality and taxpayer) against complete immunity (and the unfair denial of compensation to victims of municipal negligence) in a rational manner. The Act restored governmental immunity except in eight specific areas of governmental activity.

In analyzing the question of whether a municipality should be liable for its negligent acts or omissions, Section 8542(a) of the Judicial Code, which succeeded the Tort Claims Act, requires a plaintiff to establish the existence of the following conditions: (1) that a private person would have a cause of action for his damages, based on the alleged injury and negligence, under common law or statute, 42 Pa.C.S. § 8542(a)(1); (2) that the negligent acts, or failure to act, of the municipality, or its employee acting within the scope of his duties, with respect to one of the eight categories listed in 42 Pa.C.S. § 8542(b), caused the plaintiff's injury; and (3) that "the injury occurs as a result of one of the eight acts set forth in 42 Pa.C.S. § 8542(b)." *Mascaro v. Youth Study Center,* 514 Pa. 351, 355, 523 A.2d 1118, 1120 (1987).

■ With respect to the first condition recited above, Pennsylvania courts have adopted a rule which recognizes that a property owner may be held liable for negligence in permitting accumulation of snow or ice on sidewalks. Known as the "hills and ridges" doctrine, the rule holds that:

[A]n owner or occupier is not liable for general slippery conditions, for to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in this hemisphere....
In order to recover for a fall on an ice or snow covered sidewalk, a plaintiff must prove

(1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was the danger-

ous accumulation of snow and ice which caused the plaintiff to fall.

*Rinaldi v. Levine,* [406 Pa. 74, 78–79, 176 A.2d 623, 625–626 (1962) ]

*Wentz v. Pennswood Apartments,* 359 Pa. Superior Ct. 1, 5, 518 A.2d 314, 316 (1986), *petition for allowance of appeal denied,* 515 Pa. 585, 527 A.2d 545 (1987). Giosa's complaint contains an allegation that he fell because of "certain hills and ridges of ice and snow" on the sidewalk, which the school district, despite notice, had failed to clear. Complaint, Count 4. If Giosa's allegations are true, his complaint states a cause of action for damages recoverable under common law.

The ultimate issue in this case, however, is whether the condition of the school district's sidewalk at the time of Giosa's fall could come within the sidewalk exception of the immunity provisions located at 42 Pa.C.S. § 8542(b)(7). That exception states:

*Sidewalks.*–A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. When a local agency is liable for damages under this paragraph by reason of its power and authority to require installation and repair of sidewalks under the care, custody and control of other persons, the local agency shall be secondarily liable only and such other person shall be primarily liable.

Relying on two decisions of this court, *Ziccardi v. School District of Philadelphia,* 91 Pa. Commonwealth Ct. 595, 498 A.2d 452 (1985) and *Ambacher v. Penrose,* 92 Pa. Commonwealth Ct. 401, 499 A.2d 716 (1985), the school district contends that the dangerous condition exception

relates only to defects in the structural integrity and design of a sidewalk.

In *Ziccardi*, certain assailants attacked the plaintiff while he was standing on a sidewalk adjacent to a city school. This court concluded that liability should not be imposed upon the school district because the appellants did not allege a physical defect directly related to the sidewalk. The court did not describe what conditions constitute a "defect", nor did the court refer to cases interpreting the "dangerous condition" terminology as being limited to "defects" of a sidewalk. The court apparently sought to distinguish injurious events which happen coincidentally in a certain location—an attack on a person standing on a sidewalk—from conditions of the sidewalk itself.

In *Ambacher*, the court determined that a municipality is immune from suit for injuries a plaintiff sustained in a fall allegedly caused by a fence which had fallen from an adjoining property onto the sidewalk. Referring to *Ziccardi*, the court stated:

> In this case as well, there is no allegation of any physical defect directly related to the sidewalk.... Properly interpreted, Section 8542(b)(7) permits imposition of municipal liability for structural or integral defects *of* the sidewalk rather than *on* the sidewalk.

92 Pa. Commonwealth Ct. at 403–404, 499 A.2d at 717–18. (Emphasis in original, citation omitted.)

Thus, *Ambacher* also appears to limit the scope of the "dangerous condition of sidewalks" exception to "defects" of the sidewalk. We do not believe, however, that a defect or dangerous condition of a sidewalk is limited solely to design, construction or internal structural defects of sidewalks, as the school district suggests.

The fence in *Ambacher* was not a part of the sidewalk, nor was the fence attached to the sidewalk. On the other hand, snow and ice in freezing temperatures tend to become attached to the surface upon which they lie, and are not easily detached from the surface unless some affirmative

force is applied. Although a fallen fence may merely rest or lie on the ground or sidewalk, ice and snow may become affixed to those surfaces, and thus, under certain conditions, may be fairly characterized as a condition *of* the sidewalk, and not merely a condition *on* the sidewalk.

Obviously, the mere accumulation of snow and ice on a sidewalk will not constitute a dangerous condition of a sidewalk in all cases. However, a court should grant a motion for summary judgment only in clear cases in which no material issues of fact remain. *Moore v. Pennsylvania Department of Justice,* 114 Pa. Commonwealth Ct. 56, 538 A.2d 111 (1988). In this case, Giosa, in pleading a cause of action recognized at common law, alleged that snow and ice had accumulated in hills and ridges on the sidewalk. Giosa further alleged that the school district had actual or constructive notice of the condition, and a duty to correct that condition. The trial court based its decision solely on the conclusion that snow and ice can never constitute a condition *of* the sidewalk, and did not consider the other allegations in Giosa's complaint that addressed the school district's notice of or duty with regard to the condition of the sidewalk.

█ Thus, in our opinion, the failure to clear an accumulation of snow and ice from a sidewalk can result in a "dangerous condition of" the sidewalk, under the exception to governmental immunity. We therefore reverse the trial court's order granting summary judgment to the school district, and remand the case for further proceedings.

ORDER

Now, July 17, 1989, the order of the Court of Common Pleas of Philadelphia County dated June 27, 1988, at No. 2270, August Term, 1984, is reversed, and this case is remanded to the Court of Common Pleas.

Jurisdiction relinquished.