581 A.2d 700

**Isabel BOWLES, Appellant,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1990.

Decided Oct. 23, 1990.

D. Kevin Laughlin, with him, T.J. Scully, Joseph Berenholz & Associates, Philadelphia, for appellant.

Joan A. Zubras, with her, Stephen M. Liero, Philadelphia, for appellee.

Before PALLADINO and BYER, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Isabel Bowles (Appellant) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) granting summary judgment in favor of the Southeastern

Pennsylvania Transportation Authority (SEPTA) and against Appellant. We affirm.

This action was commenced by Appellant to recover damages for injuries she sustained in a slip and fall accident which occurred on December 16, 1983. On that date, Appellant was disembarking from a SEPTA trolley at the King Manor Station, when she slipped and fell on either a thin layer of ice or frost on the wooden plank platform. Following discovery, SEPTA filed a motion for summary judgment, contending that it was immune from suit under 42 Pa.C.S. § 8521. Appellant's response to this motion contended that SEPTA was not immune from liability because of the real property exception to immunity, found at 42 Pa.C.S. § 8522(b)(4). The trial court held that any ice or frost was not a condition of the real estate, and granted SEPTA summary judgment. This appeal followed.

■ The sole issue on appeal is whether the existence of morning frost on the platform constitutes a defect in real property under the exception to immunity set forth at 42 Pa.C.S. § 8522(b)(4).[1]

■ Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. No. 1035(b). Our scope of review of a trial court's grant of summary judgment is limited to a determination of whether the trial court abused its dis-

---

1. This section reads as follows:

   (b) **Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

   (4) **Commonwealth real estate, highways and sidewalks.**—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5).

cretion or committed an error of law. *Herman v. Greene County Fair Board,* 112 Pa.Commonwealth Ct. 615, 535 A.2d 1251 (1988).

■ In *Huber v. Department of Transportation,* 122 Pa.Commonwealth Ct. 82, 551 A.2d 1130 (1988), *petition for allowance of appeal denied,* 525 Pa. 637, 578 A.2d 931 (1989) we held that a state agency had no duty to remove or treat natural accumulations of ice or snow. If no common law or statutory duty exists, there can be no liability under the waiver of sovereign immunity. 42 Pa.C.S. § 8522(a).[2]

In the present action, Appellant argues that the real estate exception is applicable, because there was a defect in the land. However, the real estate exception is applicable only when "it is alleged that the artificial condition or defect of [the] land *itself* causes the injury...." *Mascaro v. Youth Study Center,* 514 Pa. 351, 363, 523 A.2d 1118, 1124 (1987) (emphasis in original). Appellant only alleges that a natural accumulation of ice or frost caused her injury, and does not plead any artificial condition or defect in the land. We conclude that a natural accumulation of ice, snow, or frost is not a defect of property within the real estate exception.

Accordingly, we affirm the order of the trial court.

## ORDER

AND NOW, October 23, 1990, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

2. This section reads as follows:
    § 8522. Exceptions to sovereign immunity
    (a) Liability imposed.—The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.