625 A.2d 102

Eleanor **SHUBERT**, Appellant,

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION
AUTHORITY.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 2, 1993.

Decided April 19, 1993.

Reargument Denied June 18, 1993.

Barry P. Ginsberg, for appellant.

Joan A. Zubras, for appellee.

Before McGINLEY and KELLEY, JJ., and KELTON, Senior Judge.

McGINLEY, Judge.

Eleanor Shubert (Shubert) appeals from an order of the Philadelphia Court of Common Pleas (common pleas court) that granted the motion for summary judgment of the Southeastern Pennsylvania Transportation Authority (SEPTA) and dismissed her complaint. We reverse.

On July 10, 1991, Shubert filed a complaint alleging permanent injuries as a result of falling on a subway platform.[1] In her complaint, Shubert specifically alleges that SEPTA "negligently caused and permitted an oily, wet substance to remain upon the subway platform," and that Shubert fell when her feet came in contact with the oily substance. Reproduced Record (R.R.) at 5a.

Both parties proceeded to discovery. In a deposition taken by SEPTA's counsel, Shubert said it was raining the day of her fall. Deposition of Eleanor Shubert, January 17, 1992, (Deposition) at 11. Shubert stated that the platform was wet and that she slipped on a "wet, black spot." Deposition at 16–17. Shubert also believes she saw an orange container of the type used by workmen on the platform. Deposition at 23. On March 20, 1992, SEPTA filed a motion for summary judgment, alleging that it is immune to claims involving real property unless there exists a physical, structural or integral defect of the property under Section 8522(b)(4) of the Judicial Code.[2] The common pleas court granted SEPTA summary judgment and dismissed Shubert's case by order of March 11, 1992.

---

1. SEPTA is the authority responsible for the operation of subway service in the city of Philadelphia.

2. On September 26, 1991, SEPTA filed an answer and new matter asserting immunity under either Sections 8541 of the Judicial Code, 42 Pa.C.S. § 8541, relating to governmental immunity, or Section 8521 of the Judicial Code, 42 Pa.C.S. § 8521, relating to sovereign immunity. The Supreme Court has determined that SEPTA is a Commonwealth agency entitled to sovereign immunity. *Feingold v. Southeastern Penn-*

■ Summary judgment may be granted only if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035(b). Our scope of review is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Bowles v. Southeastern Pennsylvania Transportation Authority*, 135 Pa.Commonwealth Ct. 534, 581 A.2d 700 (1990). Shubert has presented two issues for our review: first, whether the common pleas court committed an error of law by granting SEPTA's motion for summary judgment when genuine issues of material fact remain, and second, whether the common pleas court abused its discretion by granting summary judgment when discovery was not completed and interrogatories and subpoenas remained outstanding.[3]

■ Although Section 8521 of the Judicial Code, 42 Pa.C.S. § 8521, provides for general immunity from suit for Commonwealth agencies, Section 8522(b)(4), 42 Pa.C.S. § 8522(b)(4), creates an exception where damages are caused by "a dangerous condition of Commonwealth agency real estate and sidewalks...." Recently, in *Bendas v. Township of White Deer*, 531 Pa. 180, 611 A.2d 1184 (1992), our Supreme Court discussed the real estate exception to sovereign immunity, stating that the "duty of care a Commonwealth agency owes to those using its real estate is such as to require that the condition of the property is safe for the activities for which it is regularly used or reasonably foreseen to be used."

*sylvania Transportation Authority*, 512 Pa. 567, 579, 517 A.2d 1270, 1276 (1986).

**3.** On March 9, 1992, Shubert's counsel entered a statement on the record that service had been made of a subpoena requiring the deposition of SEPTA's custodian of maintenance and repair records, but that the deposition had not been taken. On March 27, 1992, Shubert's counsel again entered a statement upon the record that the custodian of maintenance and repair records informed SEPTA's attorney that no record existed of any track work being done between February 1, 1991, and March 4, 1991, at the station where Shubert fell, and that no platform repair work was done at any time in 1991. R.R. at 4.

In determining that Shubert's complaint is not within the real estate exception to sovereign immunity the common pleas court relied principally upon the decision of our Supreme Court in *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987). *Mascaro* involved the negligent maintenance of a detention center and the escape of two juveniles who viciously assaulted the Mascaro family. The Supreme Court noted that the exceptions to sovereign immunity must be narrowly interpreted, and the Court determined that the real estate exception to immunity is only applicable in cases where it is alleged that an artificial condition or defect of the land itself caused the injury, not merely when it facilitated an injury by the acts of others. *Id.* at 363, 523 A.2d at 1124.[4] The common pleas court held that Shubert "failed to allege [that] a physical defect in the sidewalk ... caused [her] injuries ..." and that the wet, oily spot on the surface of the sidewalk was not a physical defect in or emanating from the sidewalk. Opinion of the Court of Common Pleas of Philadelphia County, June 24, 1992, at 4.

Shubert contends that the common pleas court erred when it determined that the condition of the platform which Shubert alleged caused her injury was not a "dangerous condition of Commonwealth real estate or sidewalks" falling within the confines of the real estate exception to immunity. Shubert alleges that her case is similar to that of the plaintiff in *Giosa v. School District of Philadelphia,* 127 Pa.Commonwealth Ct. 537, 562 A.2d 411 (1989). In *Giosa,* a pedestrian sued the school district for injuries sustained when he slipped and fell upon an accumulation of snow and ice on the sidewalk in front of a district building. The court of common pleas held that Giosa failed to plead an action within the exception to governmental immunity at 42 Pa.C.S. § 8542(b)(7), which provides an exception to immunity for injuries caused by dangerous conditions of sidewalks. On appeal, this Court held that summary judgment had been inappropriately granted, because a question of fact remained as to whether the snow and ice were so

---

4. The Supreme Court recently reiterated this principle in its decision in *Crowell v. City of Philadelphia,* 531 Pa. 400, 613 A.2d 1178 (1992).

affixed to the surface of the sidewalk as to become a dangerous condition "of," rather than on, the sidewalk. *Id.* at 543, 562 A.2d at 414.

While *Giosa* involves the real property exception to *governmental* immunity, rather than the exception to sovereign immunity, we note that our Supreme Court utilized the same criteria to analyze both in *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989), despite the difference in wording between the two exceptions. *Crosby v. Kotch,* 135 Pa.Commonwealth Ct. 470, 580 A.2d 1191 (1990). This Court recently considered the reasoning in *Giosa* in connection with the real estate exception to sovereign immunity. In *First National Bank v. Department of Transportation,* 148 Pa.Commonwealth Ct. 158, 609 A.2d 911 (1992), a Department of Transportation vehicle was allegedly parked partially on a roadway when a car collided with it, causing fatal injuries. The common pleas court granted summary judgment. There was no allegation that the vehicle was affixed to the roadway, consequently it was proper to conclude that the vehicle was "merely a condition *on* the roadway" and not within the exception. *First National Bank,* 148 Pa.Commonwealth Ct. at 162–64, 609 A.2d at 914. Even though Shubert's complaint that there was an oily substance "upon" the platform and that she slipped on a "black spot," we believe Shubert has fairly presented a question of fact as to whether the substance was affixed to the subway platform so as to become a condition *of* the platform.[5]

SEPTA argues that this controversy is similar to three other cases in which summary judgment was affirmed. In *Ambacher v. Penrose,* 92 Pa.Commonwealth Ct. 401, 499 A.2d 716 (1985), cited by SEPTA and also by the common pleas court in its opinion, we determined that an action brought for injuries sustained when the plaintiff tripped over a wire fence that had fallen onto the sidewalk was not within the exception to governmental immunity covering dangerous conditions "of"

---

5. Because we are reviewing the propriety of granting summary judgment, we must not only review the facts in the light most favorable to Shubert, as the non-moving party, but also give her the benefit of all reasonable inferences. *Mindala v. American Motors Corp.,* 518 Pa. 350, 353 n. 2, 543 A.2d 520, 522 n. 2 (1988).

sidewalks. Here, the allegations describing the condition of the platform where Shubert fell raise a question of fact, whether the condition was "on" or "of" the platform.

Additionally, we do not find this controversy controlled by *Bowles*, where we determined that an allegation that Bowles had suffered a fall because of frost on a trolley platform did not state a cause of action within the real estate exception to sovereign immunity. In *Bowles* we held that SEPTA has no common law duty to remove natural accumulations of ice and snow, hence sovereign immunity was not waived.[6] *Bowles*, 135 Pa.Commonwealth Ct. at 537, 581 A.2d at 702.

Shubert's complaint does not allege that the substance upon which she slipped was naturally occurring, but that SEPTA "caused and permitted [the existence of]" the substance. It is also because of this allegation in the complaint that we do not find this case controlled by *Wellons v. Southeastern Pennsylvania Transportation Authority*, 141 Pa.Commonwealth Ct. 622, 596 A.2d 1169 (1991), where entry of summary judgment was affirmed. The common pleas court held that Wellons could not recover against SEPTA under the real estate exception to immunity where he had slipped on a paper bag dropped on the platform because his injuries were not caused by a defect of the land, and also because the harm caused by a third person who dropped the bag could not be imputed to a local agency. Shubert has adequately alleged that the substance was *of* the platform so that we find a question of fact exists. We reverse the entry of summary judgment and remand this matter to the court of common pleas.

## ORDER

AND NOW, this 19th day of April, 1993, the order of the Court of Common Pleas of Philadelphia County is reversed and this matter is remanded.

Jurisdiction relinquished.

6. 42 Pa.C.S. § 8522 provides that immunity is waived only for actions against Commonwealth parties to the extent set forth in the exceptions, and only where "the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity."