## Finn v. City of Philadelphia

*Jonathan Wheeler,* for plaintiff.
*Daren B. Waite,* for defendant.

KLEIN, R.B., *J.,* June 18, 1993 — Mary Finn alleges she slipped on grease that had accumulated on Wood Street between 18th and 19th in Philadelphia, behind the juvenile courthouse at 1801 Vine Street.

The city took the position that Ms. Finn was barred from recovery for two reasons:

"(1) The city takes the position that the evidence is insufficient to support a finding that the city could have constructive notice of the defect.

"(2) The city takes the position that the grease, if anything, is a defect 'on' the sidewalk rather than a defect 'of' the sidewalk. The Tort Claims Act, §8542(b) of the Judicial Code, 42 Pa.C.S. §8542(b)(7) refers to 'A dangerous condition of sidewalks....' " (emphasis supplied)

The case proceeded by stipulated trial. The city agreed that if the evidence of a defect "of" the sidewalk was sufficient for a finder of fact to find an exemption under

the Tort Claims Act, and if the evidence was sufficient for a finder of fact to find that there was constructive notice by the city, then liability would be admitted and damages fixed in the amount of $203,500.

The court found that there was sufficient evidence for notice to the city and found that a finder of fact could conclude that the grease was a defect "of" the sidewalk. Therefore, judgment was entered for Mary Finn and against the city of Philadelphia in the amount of $203,500, as agreed.

## 1. CONSTRUCTIVE NOTICE TO THE CITY

The facts in this case are such that a finder of fact could conclude that the city either had notice or should have had notice of the dangerous condition caused by the grease. Cars regularly parked on the sidewalk, which was obvious to the personnel at 1801 Vine Street, and they should have realized grease was likely to leak. There were city workers unloading trash around the area of the grease.

Perhaps most significant, a rug was placed near the grease spot. This is shown in the photographs in Plaintiff's Exhibit no. 1. By circumstantial evidence, the finder of fact could conclude that the city knew there was trouble with grease, but instead of cleaning it up, put the rug there, but missed some of the spots. Therefore, the placement of the rug is evidence that someone from the court staff at 1801 Vine Street knew of the danger, tried to cover it, but was unsuccessful.

## 2. THE GREASE COULD BE CONSIDERED A DEFECT "OF" THE SIDEWALK

The cases coming from the Commonwealth Court are conflicting on this issue, but the better view seems to

be that grease that is scattered over a sidewalk and needs considerable effort to clean up could be considered a "part of" the sidewalk for the purposes of the Tort Claims Act as much as a physical crack in the sidewalk. Because of the consistency of grease and the difficulty in removing it, it is different from mere debris that gets on a sidewalk and can be easily swept away.

Our Commonwealth Court has recently addressed the issue as to whether oil can be a dangerous condition "of" sidewalks. *Shubert v. Southeastern Pennsylvania Transportation Authority,* __ Pa. Commw. __, 625 A.2d 102 (1993).

While *Shubert* involves the real property exception to sovereign immunity, rather than governmental immunity for subdivisions, the Supreme Court has utilized the same criteria in analyzing the "of" versus "on" distinction for the real property exception in both statutes. *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989), cited in, *Shubert, supra.* The sidewalk exception to tort immunity under the Political Subdivision Tort Claims Act presents the same issue with regard to "of" versus "on."

In *Shubert,* the plaintiff alleged that she fell when her feet came into contact with an oily, wet substance on a subway platform and that SEPTA negligently caused and permitted this "wet, black spot" to remain on the platform. In her deposition, plaintiff also claimed that she saw an orange container of the type used by workmen on the platform.

The court held that the plaintiff's claim "fairly presented a question of fact as to whether the substance [grease] was affixed to the subway platform so as to become a

condition of the platform." *Id.* The court also held that there was sufficient evidence from which a jury could reasonably infer that SEPTA caused the oil spot and permitted it to remain on the platform. *Shubert* is indistinguishable from the instant case. Ms. Finn has alleged that city-owned vehicles parked on the sidewalk caused the grease to accumulate. Moreover, the rug discovered near the grease spot coupled with the presence of city workers unloading trash around the same area provide ample evidence from which a jury could reasonably infer that the city had notice of the grease and permitted it to remain on the sidewalk. In light of *Shubert,* the decision to deny the city's motion for summary judgment is clear.

The initial case in this area was *Ambacher v. Penrose,* 92 Pa. Commw. 401, 499 A.2d 716 (1985). There it was held that a wire fence that fell on the sidewalk was not a defect "of" the sidewalk but just something *on* the sidewalk.

However, in *Giosa v. School Dist. of Philadelphia,* 127 Pa. Commw. 537, 543, 562 A.2d 411, 414 (1989), the court distinguished *Ambacher.* The court held that "snow and ice in freezing temperatures tend to become attached to the surface upon which they lie, and are not easily detached from the surface unless some affirmative force is applied." An accumulation of grease is more like snow and ice becoming something "of " the sidewalk since it takes effort to remove grease. This is very different from a fence that has fallen.

Although cases have cited *Giosa* with approval, see *Gilson v. Doe,* 143 Pa. Commw. 591, 600 A.2d 267 (1991), another case seems to contradict *Giosa* without referring

to it. This is particularly unusual because Judge Kelley was on both panels.

In *Fitchett v. SEPTA,* __ Pa. Commw. __, 619 A.2d 805 (1992), the court upheld a grant of summary judgment below. Judge Collins said that there was no exception to governmental immunity because an accumulation of grease and debris did not constitute a dangerous condition of the real estate. Judge Collins seems to lump debris and grease together and never discussed the difficulty of cleaning grease and the fact that it becomes part of the flooring, the key factor in *Giosa.* The *Fitchett* court relies on two cases that can be distinguished, *Bowles* and *Wellons.*

In *Wellons v. SEPTA,* 141 Pa. Commw. 622, 596 A.2d 1169 (1991), *petition for allowance of appeal denied,* 529 Pa. 643, 600 A.2d 1260 (1991), plaintiff slipped on a paper bag, which does not become integrated with the ground as grease does. In *Bowles v. SEPTA,* 135 Pa Commw. 534, 581 A.2d 700 (1990), there was ice and frost on a train platform. However, there was no claim of "hills and ridges," so the case is distinguishable for that reason. In *Shubert,* Judge McGinley noted that *Bowles* is just a case involving a natural accumulation of ice and snow.

While admittedly the situation is confusing, following *Shubert* it seems that grease is of such a substance that it could be akin to a crack in the sidewalk. It cannot be merely picked up or swept away.

Therefore, I conclude that there is sufficient evidence for the trier of fact to determine that the grease on the sidewalk became a condition "of" the sidewalk, and

enough evidence to conclude that the city had constructive notice. Therefore, the motion for summary judgment was properly denied and judgment appropriately entered on behalf of the plaintiff and against the city.