**Veronica T. METKUS and Francis M. Metkus, M.D., Appellants,**

**v.**

**PENNSBURY SCHOOL DISTRICT.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 9, 1996.

Decided April 4, 1996.

James A. Downey, III, for Appellants.

Thomas A. Karpink, for Appellee.

Before DOYLE and FRIEDMAN, JJ., and MIRARCHI, Senior Judge.

DOYLE, Judge.

Veronica T. Metkus and Francis M. Metkus, husband and wife, appeal an order of the Court of Common Pleas of Bucks County which granted a motion for summary judgment filed by the Pennsbury School District.

The instant action was commenced as a result of injuries sustained by Mrs. Metkus on February 8, 1994, when she slipped and fell on a patch of ice located in a parking area owned by the School District. On October 7, 1994, the Metkuses filed suit against the School District alleging, *inter alia,* that it failed to use reasonable prudence and care in maintaining the parking lot, failed to remove snow and ice which accumulated on the parking lot, and the School District knew or should have discovered the "defects or problems with the condition of the parking area." (Plaintiff's Complaint at 3; Reproduced Record (R.R.) at 36.)

On May 8, 1995, the School District filed a motion for summary judgment arguing that, even considering all of the facts in a light most favorable to the Metkuses, their claim is barred by what is commonly referred to as the Political Subdivision Tort Claims Act, Sections 8541 and 8542 of the Judicial Code (Code), 42 Pa.C.S. §§ 8541–8542. In response, the Metkuses argued that summary judgment was inappropriate because the real property exception to governmental immunity, Section 8542(b)(3) of the Code, 42 Pa.C.S. § 8542(b)(3), is applicable to their case. By

order dated June 9, 1995, the trial court granted the School District's motion for summary judgment. This appeal followed.

■ Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories; and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. No. 1035(b). And, our scope of review of a trial court's grant of summary judgment is confined to a determination of whether the court abused its discretion or committed an error of law. *Bowles v. Southeastern Pennsylvania Transportation Authority,* 135 Pa. Cmwlth. 534, 581 A.2d 700 (1990).

The real property exception to governmental immunity provides:

(b) **Acts which may impose liability.**— The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(3) *Real Property.*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. . . .

42 Pa.C.S. § 8542(b)(3).

■ In interpreting the real property exception we are mindful of several established principles. First, in order to effectuate the legislative intent to insulate political subdivisions from tort liability, the real property exception is narrowly construed. *Diaz*

*v. Houck,* 159 Pa.Cmwlth. 274, 632 A.2d 1081 (1993). Second, the real property exception to governmental immunity is interpreted in *pari materia* with the sidewalk exception to governmental immunity, Section 8542(b)(7) of the Code, 42 Pa.C.S. § 8542(b)(7)[1] and the real estate exception to sovereign immunity, Section 8522(b)(4) of the Code, 42 Pa.C.S. § 8522(b)(4).[2] *Finn v. City of Philadelphia,* 541 Pa. 596, 664 A.2d 1342 (1995). Third, it is now settled that pursuant to all three exceptions, liability is predicated upon proof that a "condition of the government realty itself, deriving, originating from, or having the realty as its source," caused the plaintiff's injuries. *Id.* at 605, 664 A.2d at 1346. As such, liability will not be imposed under the real property exception for injuries caused by the negligent failure of a government entity to remove a foreign substance from realty. *See, e.g., Shedrick v. William Penn School District,* 654 A.2d 163 (Pa.Cmwlth. 1995) (insufficient matting protection on a wet terrazzo floor is not a defect of government property within the real property exception), *petition for allowance of appeal denied,* 542 Pa. 682, 668 A.2d 1142 (1995); *DeLuca v. School District of Philadelphia,* 654 A.2d 29 (Pa.Cmwlth.1994) (milk which leaked onto a concrete payment is not a defect of government property within the real property exception).

■ However, liability may be imposed where a plaintiff pleads and proves that the presence of the slippery substance on the government property was caused by improper design, construction, deterioration, or inherent defect of the real estate itself. *Finn.*

---

1. Section 8542(b)(7) provides in pertinent part:

(b) **Acts which may impose liability.**—The following acts by a local agency. . . .

. . . .

(7) *Sidewalks.*—A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the danger-

ous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

2. Section 8522(b)(4) provides in pertinent part:

(b) **Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

. . . .

(4) *Commonwealth real estate, highways and sidewalks.*—A dangerous condition of Com-

On appeal, the Metkuses contend that the trial court erred in granting the School District's motion for summary judgment because their claim fits within the real property exception. The Metkuses do not allege that Mrs. Metkus' injuries resulted from a negligently designed or constructed parking lot. Instead, the Metkuses attempt to distinguish their claim from cases in which the slippery substance was *on* government real estate by arguing that the ice upon which Mrs. Metkus slipped was *attached* to the parking lot and, therefore, the ice constituted a defect *of* the real estate itself.

■ We must disagree. Not only is their argument contrary to the established principles regarding the real property exception as set forth above, but, in addition, we have expressly rejected the Metkuses' argument in the context of both the sidewalk exception to governmental immunity and the real estate exception to sovereign immunity.

In *Finn v. City of Philadelphia,* 165 Pa. Cmwlth. 255, 645 A.2d 320 (1994), *aff'd,* 541 Pa. 596, 664 A.2d 1342 (1995), this Court expressly overruled two prior cases which held that the sidewalk exception to governmental immunity and the real estate exception to sovereign immunity were not limited solely to design, construction or internal structural defects of sidewalks, but rather, were applicable where a foreign substance was so affixed to the surface of a the property that it could become characterized as a defect of that property. *See Shubert v. Southeastern Pennsylvania Transportation Authority,* 155 Pa.Cmwlth. 129, 625 A.2d 102 (1993), *overruled in part by, Finn v. City of Philadelphia,* 165 Pa.Cmwlth. 255, 645 A.2d 320 (1994); *Giosa v. School District of Philadelphia,* 127 Pa.Cmwlth. 537, 562 A.2d 411 (1989), *overruled in part by, Finn v. City of Philadelphia,* 165 Pa.Cmwlth. 255, 645 A.2d 320 (1994). In overruling *Shubert* and *Giosa,* we stated:

> *Giosa* and *Shubert* are problematic decisions, because they essentially impose liability on government entities for a negligent failure to remove a foreign substance from either a sidewalk or real property owned by the government entity. **We believe that the language of both the sidewalk exception to governmental immunity and the real estate exception to sovereign immunity indicates that the General Assembly did not intend to impose liability in instances where an injury is caused solely by the presence of a foreign substance on top of the sidewalk or the real property.** Moreover, both *Giosa* and *Shubert* conflict with our Supreme Court's decisions in *Snyder [v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989) ] and *Mascaro [v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987) ], which state that the dangerous condition must derive, originate from or have as its source the real estate. Accordingly, *Giosa* and *Shubert* are expressly overruled by our decision in the instant matter.

*Finn,* 645 A.2d at 325 (emphasis added).[3]

Accordingly, because the Metkuses have failed to present a genuine issue of material fact, we hold that the School District is entitled to judgment as a matter of law and that the trial court correctly granted the School District's motion for summary judgment.[4]

Order affirmed.

### *ORDER*

NOW, April 4, 1996, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby affirmed.

monwealth agency real estate and sidewalks....

**3.** *See also McRae v. School District of Philadelphia,* 660 A.2d 209 (Pa.Cmwlth.1995) (holding that ridges of ice accumulated on property maintained by a school district is not "a dangerous condition of sidewalks" within the meaning of the sidewalk exception to governmental immunity); *Bowles* (holding that injuries resulting from the natural accumulation of ice, snow or frost on real estate under the control of the Commonwealth is not a dangerous condition *of* Commonwealth agency real estate within the meaning of the real estate exception to sovereign immunity).

**4.** Because we conclude that Mrs. Metkus' claim is barred by the defense of governmental immunity, Mr. Metkus' claim for loss of consortium must also be dismissed.