**Dennis M. HILL, Appellant,**

v.

**Martin DRAGOVICH, Sgt. Powers, and John Doe, et al.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 10, 1996.

Decided July 16, 1996.

■

Dennis M. Hill, pro se, Appellant.

Robert S. Andrews, Jr., Deputy Attorney General, for Appellees.

Before McGINLEY and SMITH, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Dennis M. Hill (Hill), pro se,[1] appeals from an en banc decision and order of the

---

1. Hill applied for and was granted permission to proceed in forma pauperis and as such was not required to reproduce the record, Pa. R.A.P. 2151(b). Pa. R.A.P. 2111(a)(8) and (b) states that there shall be appended to the brief of appellant a copy of "any opinions delivered by any court or other government unit below relating to the order or other determination under review, if pertinent to the question involved." Hill did not append to his brief a copy of the trial court's opinion relating to its order granting the motion for summary judgment in favor of appellees. However, a copy of the trial court's opinion was appended to the brief for appellees. We caution all parties proceeding in forma pauperis to comply with the requirements of Rule 2111(a)(8) and (b) or risk having their appeals dismissed.

Court of Common Pleas of Cambria County (trial court) which granted the motion for summary judgment of Martin Dragovich, Sgt. Powers, and John Doe [2] (collectively Appellees).

Hill is incarcerated at the State Correctional Institution (prison) located in Cresson, Cambria County. On November 17, 1992, Hill filed a complaint in equity against the Appellees, individually and in their official capacities, which alleged that on December 15, 1990, he sustained injuries when he fell on an ice covered sidewalk at the prison while walking from his cell to breakfast. The single count complaint averred that the Appellees were negligent because of their failure to properly clear the sidewalk of ice. In response thereto, Appellees filed preliminary objections in the nature of a motion to strike portions of the relief requested which sought a declaratory judgment as well as prospective and punitive damages. By order of June 9, 1993, the trial court sustained the preliminary objections. On July 14, 1993, Appellees filed an answer, denying all material allegations in the complaint, together with new matter which averred, amongst other things, that Hill failed to state a cognizable claim that fell within any of the nine (9) enumerated exceptions to sovereign immunity set forth in 42 Pa.C.S. § 8522(b). On November 3, 1995, Appellees filed a motion for summary judgement which averred that Hill failed to establish both that his action 1) can be maintained either at common law or by statute [3] and 2) falls within one of the nine enumerated exceptions to sovereign immunity.[4] *See* 42 Pa.C.S. § 8522(a) and (b).

The trial court, by order dated January 22, 1996, granted the Appellees' motion for summary judgment. In so doing, the trial court found that Hill, in his complaint, plead only that ice *on* the prison sidewalk caused his injury and that he therefore did not plead any artificial condition or defect in the land itself. The trial court then concluded that since the natural accumulation of ice is not a defect *of* the property, Hill failed to state a cognizable claim under the real estate exception to sovereign immunity. *See* 42 Pa.C.S. § 8522(b)(4).[5]

■ Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa. R.C.P. No. 1035(b). Our scope of review of a trial court's grant of summary judgment is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Bowles v. Southeastern Pennsylvania Transportation Authority,* 135 Pa. Cmwlth. 534, 581 A.2d 700 (1990).

■ In *Huber v. Department of Transportation,* 122 Pa.Cmwlth. 82, 551 A.2d 1130 (1988), *petition for allowance of appeal denied,* 525 Pa. 637, 578 A.2d 931 (1990), this Court held that a state agency has no duty to remove or treat natural accumulations of ice and snow. If no common law or statutory duty exists, there can be no liability under the waiver of sovereign immunity. *See* 42 Pa.C.S. § 8522(a). Furthermore, this Court held in *Bowles* that a natural accumulation of ice, snow, or frost is not a defect of property within the real estate exception. 581 A.2d at 702. Hill only alleges that a natural accumu-

2. Dragovich and Powers are identified in the complaint as being superintendent and guard at the prison (paragraphs 2 and 3 of Hill's complaint); John Doe is identified in the complaint as the shift commander (paragraph 4 of Hill's complaint).

3. Appellees averred that the cause of action against Dragovich and Powers should be dismissed because there is no evidence of record that indicates that they engaged in negligent conduct.

4. Appellees averred that there is no evidence that the icy condition located on the sidewalk in question was anything other than the result of natural weather conditions.

5. The trial court, while noting that Appellees assert the defense of sovereign immunity pursuant to 42 Pa.C.S. § 8521, referenced and relied on cases dealing with governmental immunity pursuant to 42 Pa.C.S. §§ 8541 and 8542(b)(3).

lation of ice [6] caused his injury, and does not plead any artificial condition or defect in the land.[7]

Accordingly, the order of the trial court granting the Appellees' motion for summary judgment will be affirmed.

### ORDER

AND NOW, this 16th day of July, 1996, the order of the Court of Common Pleas of Cambria County, dated January 22, 1996, is affirmed.

6. In *Giosa v. School District of Philadelphia*, 127 Pa.Cmwlth. 537, 562 A.2d 411 (1989), *petition for allowance of appeal denied*, 525 Pa. 629, 578 A.2d 416 (1990), a case dealing with governmental immunity, this Court, while noting that the mere accumulation of snow and ice on a sidewalk will not constitute a dangerous condition of a sidewalk in all cases, held that the grant of summary judgment is improper where there is an allegation that ice and snow had accumulated in hills and ridges on the sidewalk. 562 A.2d at 414. *Giosa* was expressly overruled by this Court in *Finn v. City of Philadelphia*, 165 Pa. Cmwlth. 255, 645 A.2d 320 (1994), *affirmed*, 541 Pa. 596, 664 A.2d 1342 (1995).

7. In another case dealing with governmental immunity, this Court held that it is incumbent upon the pleading party to assert that there was an actual defect or flaw in the real estate itself that caused the injury, not some substance such as ice, snow, grease or debris on the real property, that facilitated the injury, unless it is there because of a design or construction defect. *See Shedrick v. William Penn School District*, 654 A.2d 163 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 542 Pa. 682, 668 A.2d 1142 (1995). Hill attempts to argue, for the first time on appeal to this Court, that the sidewalk in question was defective in its design because it had an oblique surface or in other words was sloped. This issue not being properly preserved below is hereby waived.