## Knight v. Pocmont Lodge

C.P. of Pike County, no. 154-1997.

*George Daniel,* for plaintiff.
*Edward Wertman,* for defendant.

THOMSON, *P.J.,* July 29, 1998—This opinion addresses the motion for summary judgment by the defendant, Pocmont Lodge, against plaintiff's personal injury action which alleges plaintiff was injured when she fell on snow and/or ice on defendant's property. An argument was held on the matter on June 15, 1998, and is now ripe for adjudication.[1] We find merit in defendant's motion and dismiss the case.

---

1. Although we have ruled on defendant's motion based upon its merit, the unwillingness of plaintiff's counsel to attend the argument

## FACTS

On February 10, 1995, Gloria Knight, plaintiff, and approximately 25 people were enjoying a bus trip which stopped at the Pocmont Lodge, defendant. Plaintiff's response exhibit A at 13. It snowed on that day, and when plaintiff arrived at the defendant's business, plaintiff noted the dangerous conditions that the snow and ice created. *Id.* at 15-16. The parties rented cabins at defendant's place of business, and as plaintiff was walking away from the bus and toward her cabin, she fell, injuring her ankle and shoulder. *Id.* at 5-6. The fall occurred approximately a city-block away from the bus. *Id.* at 14-15.

Plaintiff alleges the fall was caused by the collection of snow and ice that existed on a pathway on defendant's property. Furthermore, plaintiff alleges this accumulation of snow constituted a dangerous condition that defendant negligently allowed to continue to exist.

In pursuit of the action based upon her injury, plaintiff filed a writ of summons on February 5, 1997. On March 17, 1997, defendant filed a praecipe for a rule to require plaintiff to file a complaint. On April 4, 1997, the plaintiff filed her complaint, which the defendant answered on April 24, 1997.

## DISCUSSION

The issue in the present case is whether plaintiff has established a cause of action based upon the alleged negligence of defendant in the removal of snow from defendant's property, where the only evidence plaintiff has presented indicates nothing more than generally

---

on this matter, as he was expressly told to do, indicates to this court an unwillingness to contest defendant's motion any further.

slippery conditions that were the result of a snowfall the same day. We hold plaintiff has not established a prima facie case, and we grant defendant's motion for summary judgment.

In ruling on defendant's summary judgment motion, the court must initially determine whether plaintiff has alleged facts sufficient to establish a prima facie case, assuming everything alleged by plaintiff is true and giving plaintiff the benefit of all reasonable inferences drawn from the alleged facts. *Ack v. Carroll Township Authority,* 661 A.2d 514, 516-17 (Pa. Commw. 1995), *appeal denied,* 543 Pa. 731, 673 A.2d 336 (1996). Thus, the court may only grant a motion for summary judgment where a genuine issue of material fact does not exist. *Commonwealth v. Riverview Leasing Inc.,* 167 Pa. Commw. 32, 42, 648 A.2d 580, 585 (1994).

However, in opposition to allegations by a moving party, a nonmoving party must either show the court evidence in the record which contradicts the moving party's allegations or must show evidence in the record supporting a prima facie case. Pa.R.C.P. 1035.3(a), 42 Pa.C.S. In the instant case, defendant asserts that plaintiff has failed to establish a prima facie case, therefore, plaintiff must "show evidence in the record establishing the facts essential to the cause of action." *Id.* at 1035.3(a)(2).

With the standards for summary judgment motions in mind, we now focus on the instant case. Plaintiff was a customer of defendant's business, and, therefore, plaintiff was an invitee upon defendant's property. *Emge v. Hogosky,* 712 A.2d 315 (Pa. Super. 1998). In that plaintiff was an invitee, defendant had a duty to prevent foreseeable harm to her. *Wentz v. Pennswood Apart-*

*ments,* 359 Pa. Super. 1, 4, 518 A.2d 314, 315 (1986). Defendant can be liable for an injury to an invitee where she:

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and

"(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

"(c) fails to exercise reasonable care to protect them against the danger." Restatement (Second) of Torts §343. *Wentz,* 359 Pa. Super. at 4, 518 A.2d at 315.

Furthermore, "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts §343A; *Wentz,* 359 Pa. Super. at 4, 518 A.2d at 315.

These requirements of landowner have been limited in regard to the accumulation of ice and snow on pathways through the hills and ridges doctrine. The hills and ridges doctrine requires a plaintiff to prove, "(1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; [and] (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall." *Giosa v. School District of Phila-*

*delphia,* 127 Pa. Commw. 537, 540-41, 562 A.2d 411, 413 (1989); *Wentz,* 359 Pa. Super. at 5, 518 A.2d at 315.

The purpose of the doctrine is to insure "an owner or occupier is not liable for general slippery conditions, for to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in this hemisphere." *Giosa,* 127 Pa. Commw. at 540, 562 A.2d at 413. "Snow and ice upon a pavement create merely transient danger, and the only duty upon the property owner or tenant is to act within a reasonable time after notice to remove it when it is in a dangerous condition." *Harmotta v. Bender,* 411 Pa. Super. 371, 379, 601 A.2d 837, 841 (1992).

In the instant case, plaintiff has not established any evidence in the record that would allow the court to hold that defendant acted unreasonably in its removal of the snow. Therefore, plaintiff has not established a prima facie case for her lawsuit, requiring this court to grant defendant's motion for summary judgment.

Through her complaint, plaintiff alleges that an accumulation of snow and ice on defendant's property caused her to fall and injure herself. As noted earlier, plaintiff must show more than a simple accumulation of snow and ice on one's property to satisfy the hills and ridges doctrine. Instead, plaintiff must show the existence of evidence on the record that indicates the accumulation of snow was allowed to exist, unreasonably.

In an attempt to cite evidence on the record establishing a prima facie case, plaintiff submitted a transcript

of her own deposition citing two passages. See plaintiff's response at 3. The first passage that plaintiff cites was her response to a general question about what happened as she was exiting the bus, plaintiff said,

"I stood there and I spoke to him [a representative of defendant] for a few minutes and one member had recently had a hip replacement. So, I was just reluctant for her to come down because there was, you know, snow in front of us, conditions that I thought would be dangerous for her. So, I asked him, you know, I begged him, I said, would you please give me a room inside for this woman alone because I thought it would be hazardous for her." See plaintiff's response, exhibit A at 16.

The second passage that plaintiff cites was her response to a question asking her whether she was walking on a roadway or a pathway, plaintiff said,

"I was walking on, I guess, it was a roadway because I couldn't see. I don't know what it was underneath there. There was snow on it and, I think, parts of it was covered, like, black, like—I really couldn't tell what was underneath there. I don't know whether I was walking the sidewalk or what." See plaintiff's response, exhibit A at 18.

Nothing in plaintiff's testimony indicates that the snow accumulated in a fashion that unreasonably obstructed travel and that this condition was allowed to exist unreasonably. In the first passage cited, plaintiff alludes to the fact that the snow could be dangerous to walk on for a person who recently had a hip replacement. However, snow by its very nature can be hazardous and the reason for the hills and ridges doctrine is to impose a greater requirement on a plaintiff than proving the usual hazards that snow can create.

In the second passage, plaintiff indicates part of the pathway was covered with snow. Again, this testimony does not establish the snow was allowed to remain on the walkway in an unreasonable fashion, instead, it only tends to prove that generally slippery conditions existed that usually occur after a snowfall. Thus, plaintiff has failed to show an evidence of defendant acting unreasonably in caring for the snow as the hills and ridges doctrine requires.

In her response to this summary judgment motion, plaintiff asserts that "[t]here is little evidence in the record which would establish the exact length of time that the amount of snow was on the ground" and that the absence of information regarding this fact should be resolved in plaintiff's favor. However, it is plaintiff who has the duty to establish a prima facie case. The reason plaintiff has failed to establish a prima facie case is because she failed to provide any evidence on the record regarding a delay in removing the snow or some other circumstances indicating unreasonableness. Furthermore, the absence of any information regarding this fact should not be resolved in plaintiff's favor, as plaintiff suggests, because it is plaintiff who has the duty to create such evidence for the record. Pa.R.C.P. 1035(a)(2). Because plaintiff did not attempt to aver any such circumstances indicating unreasonableness, she failed to establish a prima facie case.

In addition, plaintiff has made no attempt to argue that the fall was the result of one of the exceptions to the hills and ridges doctrine, such as the fall being the result of an isolated area of ice. *Harmotta,* 411 Pa. Super. at 380-81, 601 A.2d at 841-42, citing *Bacsick v. Barnes,* 234 Pa. Super. 616, 341 A.2d 157 (1975). Plaintiff's only aversions in support of her opposition to defendant's motion for summary judgment indicate

that the conditions were generally slippery, the result of a snowfall occurring earlier that day. Without any more evidence being presented by plaintiff, the court must grant defendant's motion for summary judgment by issuing the following order:

## ORDER

And now, July 29, 1998, upon consideration of defendant Pocmont Lodge's motion for summary judgment, briefs thereto, and argument thereon, the court hereby grants defendant's motion for summary judgment.